1   Scott Edward Cole, Esq. (S.B. #160744)
     Kevin Francis Barrett, Esq. (S.B. #136607)
2   Teresa Denise Allen, Esq. (S.B. #264865)
     Corey Benjamin Bennett, Esq. (S.B. #267816)
3   **SCOTT COLE & ASSOCIATES, APC**
     1970 Broadway, Ninth Floor
4   Oakland, California 94612
     Telephone: (510) 891-9800
5   Facsimile:  (510) 891-7030
     Email: scole@scalaw.com
6   Email: kbarrett@scalaw.com
     Email: tallen@scalaw.com
7   Email: cbennett@scalaw.com
     Web:   www.scalaw.com
8
9   Kelley Gelini, Esq. (S.B. #160698)
     Wesley Wakeford, Esq. (S.B. #224801)
10  **WAKEFORD GELINI**
     275 Battery, Suite 1300
11  San Francisco, California 94111
     Telephone: (415) 578-3510
12  Facsimile:  (415) 294-2890
     Email: wes@wakefordlaw.com
13  Email: kelley@wakefordlaw.com
     Web:   www.wakefordlaw.com

14  Attorneys for Representative Plaintiff
     and the Plaintiff Class(es)
15

*(vertical sidebar)* SCOTT COLE & ASSOCIATES, APC · ATTORNEYS AT LAW · THE TOWER BUILDING · 1970 BROADWAY, NINTH FLOOR · OAKLAND, CA 94612 · TEL. (510) 891-9800

16            **UNITED STATES DISTRICT COURT**

17          **NORTHERN DISTRICT OF CALIFORNIA**

18              **SAN JOSE DIVISION**

19

| | |
|---|---|
| JAMES C. NGUYEN, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE/EQUITABLE RELIEF AND FOR AN ACCOUNTING** |
| SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, SOUTHERN WINE & SPIRITS OF AMERICA, INC., | |
| Defendants. | ***JURY TRIAL DEMANDED*** |

20 21 22 23 24 25 26 27 28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.     This is a class action brought by Representative Plaintiff on behalf of himself as well as on behalf of California and national classes of all entities/persons who maintained an open account with Defendants and/or any of them (hereinafter "Southern," Defendant" and/or "Defendants") at any time during, at least, the last four years (the "limitations period").

2.     Representative Plaintiff, on behalf of himself and members of the respective classes (hereinafter "class members" in one or more of the classes identified herein), seeks damages, interest thereon, restitution, injunctive and other equitable relief, an accounting of all monies unlawfully collected and held by Southern, reasonable attorneys' fees and costs and disgorgement of all benefits Southern has enjoyed from its numerous unlawful and/or deceptive business practices, as detailed herein.

3.     Representative Plaintiff asserts that Southern knowingly engaged in unfair, unlawful, deceptive, and fraudulent business practices vis-à-vis a common sales and distribution scheme that runs afoul of a multitude of California state and federal unfair competition laws and fraud protection statutes. Although listed in more detail below, some of the more prominent features of this unlawful scheme include providing class members' account numbers (granted to them by Southern) and/or government agency-provided liquor license numbers to third-parties without class members' knowledge or consent, and with direct knowledge and/or reason to know that such numbers would be used by said third-parties to charge alcohol to class members' accounts, create tax liabilities for class members and/or otherwise threaten class members' liquor licenses and business operations.

4.     Representative Plaintiff asserts that, during the limitations period, Southern had and continues to have a consistent policy of permitting, encouraging and/or allowing its officers, managers, agents and/or other employees to purchase alcohol on the accounts/licenses of class members, without their knowledge or consent, and/or to provide their account/license numbers to

1    third-parties, who then purchase alcohol by assuming class members' business identities, without

2    class members' knowledge or consent.

3         5.     Southern's unlawful scheme also includes sales and distribution of alcohol at

4    reduced prices, if not the provision of alcohol free of charge, to persons/entities who may or may

5    not maintain valid liquor licenses and/or selling liquor to different parties at different prices, in

6    violation of various federal alcohol regulations, federal and state unfair competition statutes and

7    4 CCR §52 and §106.

8         6.     Southern's unlawful scheme also includes (1) permitting its own officers,

9    managers, agents and/or other employees to purchase liquor on class members' accounts, using

10    cash, and then storing the liquor in order to meet sales quotas, (2) engendering unfair

11    competition through "tying" practices and/or giving away "samples" to third-parties (e.g., giving

12    away liquor by printing sample labels for full regular-sized bottles), (3) permitting its officers,

13    managers, agents and/or other employees to purchase liquor on class members' accounts, who

14    then temporarily store the liquor, returning it later, in order to meet quotas, but without refunding

15    the money, (4) falsifying sales documentation to avoid scrutiny for Southern's unlawful schemes,

16    and (5) ignoring complaints from and/or unlawfully pressuring retailers about the unfair and

17    unlawful business practices detailed in this pleading, including threatening to cut off supply to

18    customers/retailers. These practices are widespread and unlawful.

19

20                    **JURISDICTION AND VENUE**

21         7.     Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction)

22    and/or 28 U.S.C. §1331 (controversy arising under United States law). Supplemental jurisdiction

23    to adjudicate issues pertaining to California state law is proper in this Court under 28 U.S.C.

24    §1367.

25         8.     Venue is proper in this Court under 28 U.S.C. § 1391 and local rule 3-2.c.,

26    because the events that gave rise to Representative Plaintiff's claims took place within the

27    Northern District of California, San Jose Division's jurisdiction, and Southern does business in

28    this Judicial District and Division.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Complaint for Damages, Restitution, Injunctive/Equitable Relief and for an Accounting

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**REPRESENTATIVE PLAINTIFF**

9.      James C. Nguyen is an adult individual and resident of San Jose, California. He is referred to in this Complaint as the "Representative Plaintiff" and/or simply as "Plaintiff."

10.     Representative Plaintiff was the liquor license holder for Arena Restaurant and Lounge, LLC, a restaurant that lawfully did business during the class period in San Jose, California.

11.     During the relevant time period, Representative Plaintiff had an account with Southern, wherein Representative Plaintiff and authorized agents thereof were permitted to purchase liquor from Southern using Representative Plaintiff's liquor license (issued by the California Department of Alcoholic Beverage Control) and/or his Southern-issued account number.

12.     During the relevant time period, Representative Plaintiff and/or his authorized agents repeatedly purchased liquor from Southern, using Representative Plaintiff's ABC liquor license and/or Southern-issued account number.

13.     At all times herein relevant, Representative Plaintiff is and was a member of the Nationwide Class and the California Subclass.

14.     Representative Plaintiff brings this action on behalf of himself, and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

**DEFENDANTS**

15.     According to Defendant's website at http://www.southernglazers.com/about-us/, "Glazer's Wholesale Distributors" (the predecessor to Glazer's, Inc.) was founded and began operations on or about the repeal of Prohibition in 1933 and has, in various corporate forms, distributed/sold food, drink and tobacco products on a wholesale basis in various states across the nation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

16.     Since 1968, Southern Wine and Spirits of America, Inc. has distributed/sold food, drink and tobacco products on a wholesale basis in various states across the nation, including in California.

17.     In 2016, defendant Southern Wine & Spirits of America, Inc. merged with Glazer's, Inc., to form co-defendant Southern Glazer's Wine & Spirits, LLC. Southern Glazer's Wine & Spirits, LLC continues to serve as a distributor/wholesaler of food, drink and tobacco products in various states across the nation, including California. At present, California constitutes the largest state market for Defendants.

18.     For all purposes relevant to this litigation, defendant Southern Glazer's Wine & Spirits, LLC is the successor in interest to co-defendant Southern Wine & Spirits of America, Inc. and to Glazer's, Inc.

19.     During the class period, employees/representatives of defendants Southern Glazer's Wine & Spirits, LLC and Southern Wine and Spirits of America, Inc. invoiced and/or sold wine, beer, and spirits to bars, restaurants, and liquor stores on behalf of said defendants under various labels and brands, including, but not limited to (1) Southern Glazer's Wine and Spirits of CA North, (2) Pacific Wine and Spirits of CA North, (3) American Wine and Spirits of CA North, (4) Transatlantic Wine and Spirits of CA North, (5) Southern Glazer's of CA North, (6) Southern Wine & Spirits of CA, (7) Pacific Wine & Spirits of CA, (8) Coastal Wine and Spirits of CA, (9) Golden State Wine and Spirits of CA, (10) American Wine and Spirits of CA, (11) Southern Wine and Spirits – Union City and/or (12) Southern Wine and Spirits Northern Cal. The identity of one or more of these additional entities appears on invoices sent by Southern to the Representative Plaintiff.

20.     Moreover, despite its unassuming presentation as a "family owned" business, Southern operates and distributes more than 150 million cases of wine and spirits annually across 44 States, the District of Columbia, Canada and the Caribbean, through the efforts of its claimed 20,000 employees. These realities support Southern's claimed status as the largest wine and spirits distributor in the United States.

Complaint for Damages, Restitution, Injunctive/Equitable Relief and for an Accounting

21.     Moreover, as the dominant wine and spirits distributor in this nation, Southern successfully markets, promotes, merchandises, and distributes over 5,000 brands, and represents approximately 1,600 wine, spirits, beer, and beverage suppliers, both domestic and foreign.

## TOLLING OF THE STATUTE OF LIMITATIONS

**Discovery Rule Tolling**

22.     Class members had no way of knowing about Southern's unlawful sales and distribution scheme, including Southern's deception with respect to class members' confidential information and open accounts with Defendants. For the Representative Plaintiff, Southern's deception was only discovered when Representative Plaintiff found that he had been assessed thousands of dollars in taxes for liquor he supposedly purchased, but did not purchase, from Southern. Plainly, Southern was intent on expressly hiding its behavior from regulators and consumers, making this the quintessential case for tolling.

23.     Within the time period of any applicable statutes of limitation, Representative Plaintiff and members of the proposed classes could not have discovered, through the exercise of reasonable diligence, that Southern was concealing the unlawful conduct detailed herein.

24.     Representative Plaintiff and members of the proposed classes did not discover, and did not know of facts that would have caused a reasonable person to suspect, that Southern was abusing class members' accounts; nor would a reasonable and diligent investigation have disclosed that Southern was disclosing confidential information to third-parties, and facilitating unlawful transactions using class members' accounts, which was discovered by Representative Plaintiff only shortly before this action was filed.

25.     Nor, in any event, would such an investigation on the part of Representative Plaintiff and other class members have disclosed that Southern valued profits over compliance with federal and state law, or over the trust Representative Plaintiff and other class members had placed in Defendants' representations, or of Southern's scheme to meet quotas and secure business with particular manufacturers/producers by facilitating unlawful sales and/or outright gifts of liquor.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

26.     For all these reasons, all applicable statutes of limitations have been tolled by operation of the discovery rule.

**Fraudulent Concealment Tolling**

27.     All applicable statutes of limitations have also been tolled by Southern's knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

28.     Instead of disclosing its account information disclosure scheme, or that it was making unauthorized sales using class members' liquor licenses, and of its disregard in various other respects of federal and state law, Southern falsely represented that its practices complied with federal and state standards governing the liquor industry and fair competition within interstate commerce, generally, and that it was a reputable wholesaler whose representations could be trusted.

## CLASS ACTION ALLEGATIONS

29.     Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following class and subclass(es) (collectively, the "classes"):

California Class:
"All persons/entities, within the State of California, who had an account with Southern Glazer's Wine & Spirits, LLC and/or Southern Wine & Spirits of America, Inc. within the applicable time period."

National Class:
"All persons/entities, within the United States of America, who had an account with Southern Glazer's Wine & Spirits, LLC and/or Southern Wine & Spirits of America, Inc. within the applicable time period."

30.     Defendants, and their officers, directors and employees are excluded from each of the Plaintiff classes.

31.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

interest in the litigation and membership in the proposed classes is easily ascertainable:

      a.   <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff classes are so numerous that joinder of all members is impractical, if not impossible. Insofar as Southern's website claims that it employs over 20,000 team members, and distributes more than 150 million cases of wine and spirits annually, Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of class members is in the thousands or even tens of thousands of individuals/entities. Membership in the classes will be determined by analysis of Southern's open-account lists/business records.

      b.   <u>Commonality</u>: The Representative Plaintiff and the class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

    1)   Whether Southern had a practice of providing class members' account/license numbers to third-parties;

    2)   Whether Southern or its officers, managers, agents and/or other employees purchased liquor on class members' accounts, without their knowledge or consent, then failed to deliver said liquor to class members, or provide invoices documenting said transaction(s);

    3)   Whether Southern allowed third-parties to purchase liquor on class members' accounts, without their knowledge or consent, then failed to deliver said liquor to class members, or provide invoices documenting said transaction(s);

    4)   Whether Southern's practices constitute fraud and/or a pattern of fraudulent activity;

    5)   Whether Southern's practices constitute breach(es) of fiduciary duties;

    6)   Whether Southern's practices constitute breach(es) of contract;

    7)   Whether Southern's practices constitute breach(es) of the implied covenant of good faith and fair dealing;

    8)   Whether Southern negligently mishandled class members' confidential information, accounts and/or liquor license numbers;

    9)   Whether Southern negligently hired and/or supervised parties who were unfit for their positions, thus leading to the wrongdoings described in this Complaint;

   10)   Whether Southern violated California Business and Professions Code §§17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

11) Whether Southern sold liquor at below market cost and/or gave away liquor, in an attempt to hurt competition;

12) Whether Southern was unjustly enriched by, *inter alia*, allowing/permitting use of class members' account numbers and/or liquor licenses by third-parties, engaging in practices which engender unfair competition and/or other practices which threaten interstate commerce;

13) Whether injunctive, corrective and/or declaratory relief and/or an accounting is appropriate;

14) Whether Southern's conduct rises to the level sufficient to warrant an award of punitive damages.

c.   <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the Plaintiff classes. Representative Plaintiff and all members of the Plaintiff classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.   <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff classes in that the Representative Plaintiff has the same interest in the litigation of this case as the class members, is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other class members or the classes in their entirety. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.   <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## **COMMON FACTUAL ALLEGATIONS**

**Post-Prohibition History of the Nation's Liquor Industry**

32.   Passage of the 18th Amendment to the Constitution in 1919 and the ushering in of Prohibition represented one of the darker periods in American history. While considered the

crowning achievement of the Temperance movement (the social movement against the consumption of alcoholic beverages), crime rates and corruption soared under Prohibition and its resultant, often violent, black market for alcohol. In light of these realities, coupled with what many historians cite as a likely *increase* in alcohol consumption during that period (obviously, in contravention of Prohibition's goals), Congress' proposal to overturn Prohibition through passage of a 21st Amendment to the Constitution was overwhelmingly ratified by various state conventions in 1933.

33. To further regulate the alcohol industry through, *inter alia*, creation of the Federal Alcohol Administration (under the jurisdiction of the Department of the Treasury), Congress passed the Federal Alcohol Administration Act (27 U.S.C. §201, *et seq.*) in 1935.

34. While, among other features, the 21st Amendment granted to States the right to maintain their own effective and uniform systems for controlling liquor transportation, importation and use, the Amendment did not, however, give the States the right to pass *nonuniform* laws that either discriminated against out-of-state goods or functioned in discordance with what is commonly referred to as the "three-tier system." (aka, "tied house" rules).

35. The three-tier system, codified in 1935 under 27 U.S.C. §205, mandates complete separation of alcohol production, wholesaling, and retailing. Among other things, these tied house rules were calculated to serve as a method of controlling consumption in America vis-a-vis increasing the minimum price of alcoholic drinks, decreasing the potential political power of large producers who could create a monopoly in the market and limit consumer choice, and ensuring the proper taxation at each of the three tiers.

36. Fundamentally, the three-tier system provides that (1) producers cannot either wholesale or retail alcohol, (2) wholesalers cannot be producers or retailers, and (3) retailers cannot wholesale or produce alcohol. Under the three-tier system, manufacturers (tier 1) sell to licensed importers, distributors and control boards. Federal Excise Taxes are collected when goods leave the premises of the manufacturer or the bonded facilities of an importer. Licensed importers and distributors (tier 2) act in cooperation with the federal and state governments; they help ensure that alcohol beverage taxes are reliably collected. The prohibition against tier 2

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

entities owning or operating retailers (those at tier 3), ensures that suppliers cannot coerce retailers to favor their brands. Moreover, importers, distributors and control boards are only allowed to sell to licensed retailers. Licensed outlets like liquor stores, bars or restaurants (tier 3) ensure that alcohol is sold to those who are of legal age to purchase it. Acting like a safety net, this three-tier regulatory system provides for "checks and balances" to the way alcohol is distributed and sold throughout the system, from one licensed tier to another. These tied house rules dictate that no individual or entity (except the state regulator itself) is allowed to own and operate more than one tier of the system.

37.     Indeed, California statutory authority supports these tied house rules. Specifically, Cal. Bus. & Prof. Code §23501 declares, *inter alia*, that:

> (a) The regulation and licensing of the sale of alcoholic beverages in this state has operated for over 80 years under what is commonly referred to as the "three-tier system," which generally prohibits vertical integration within the distilled spirits industry. This system has helped in protecting against undue marketing influences within the distilled spirits industry and assisted the goals of promoting temperance and reasonable regulation of the sale of distilled spirits within the state. In addition, this system has helped create thousands of jobs and billions of dollars in economic development within California.

38.     The import of these laws is multi-fold; ensuring vertical and horizontal parity between all parties within the liquor industry (i.e., disallowing participation in more than one tier) engenders equitable treatment (e.g., consistent pricing levels, reasonable availability of product) of those entities on other tiers (parity), discourages corruption and monopolistic practices, and promotes healthy and fair competition within interstate commerce. These goals are consistent with (and, in some cases, expressed in) the Sherman Antitrust Act (15 U.S.C. §1, *et seq*.), and the Robinson-Patman Act (15 U.S.C. §13).

**Southern Falsely Markets Itself as a Responsible Distributor**

39.     While touting itself as a "sales and distribution organization with a proud history of consistently delivering impeccable service," Southern's customer service is anything but a legitimate source of pride, as detailed throughout this Complaint.

40.     In fact, these unscrupulous practices are not merely known by Representative Plaintiff and/or class members. Indeed, a rudimentary "Google" search reveals numerous complaints from retailers, former-employees, and other sources regarding Southern's unethical business practices, some of which are highly critical of Southern, even citing to several of the specific unlawful practices cited herein.

**Liquor License/Account Application Process**

41.     Owners of bars/restaurants wishing to engage in the retail sale of alcohol will find a process for obtaining a liquor sales license that is highly regulated, and for which the grounds for suspensions and/or revocation of those licenses are numerous (e.g., *see* California's Dept. of Alcoholic    Beverage    Control's    penalty    guidelines    and    schedule    at http://www.abc.ca.gov/trade/Penalty%20Guidelines.pdf).

42.     Applying for a California liquor license includes submission of documentation of business status, an individual financial affidavit, totals of investments in the business, banking information, and undergoing a background check. After submitting the required documents, completing the notification process (by posting notice in a conspicuous place at the entrance to the premises, as well as by mail and/or newspaper, dependent on the type of license sought, pursuant to Cal. Bus. & Prof. Code §23985, *et seq.*), a party may be approved for a license (note that, if the intended licensee wishes to sell hard-liquor, it must purchase a hard liquor license from another current licensee or participate in California's annual lottery program and hope for the best, as new licenses are not otherwise being issued). A unique liquor license number is then issued for the particular bar/restaurant. In California, this number is registered with the State Board of Equalization, so that the Board can collect taxes on retail sales of alcohol. Other states have similar processes.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

43.     To a bar/restaurant owner who wishes to sell alcohol to its patrons, obtaining and maintaining a liquor license has tremendous value. However, despite its knowledge of that value, the violations by Southern, as detailed in this Complaint, routinely threatened Representative Plaintiff's and class members' use and maintenance of their respective licenses. Indeed, Southern's conduct, as detailed herein and among other damages, resulted in tax liability to Representative Plaintiff that, effectively, blocked the unfettered use of his license and barred his resale/transference thereof to any interested third party.

44.     For licensees (i.e., the class members herein) desirous of obtaining liquor from Southern for resale, the process is also standardized. After approaching Southern for this purpose, class members were required to submit evidence of their liquor licenses, and various forms including a credit application, a personal guarantee, an e-check authorization form, a copy of certificate of resale, and a document entitled Appendix A California resale certificate. As well as a Direct Warehouse Sales Authorization to Purchase Form, which lists the authorized purchasers for the bar/restaurant/liquor store. Once these papers were approved, each class member was given a unique account number which the class members could then use to purchase liquor from Southern. Membership in one or both of the Plaintiff classes requires persons/entities to have submitted such forms, have had such forms approved by Southern and been issued thereby a unique Southern account number.

45.     Class members expected to only be charged by Southern and the proper taxing authorities for alcohol purchases actually made from Southern. Class members did not expect Southern to charge them for alcohol class members did not order and/or for Southern to report to taxing authorities unauthorized alcohol sales.

46.     Consistent with 4 CCR §17, class members expected Southern to provide an accurate invoice for every alcohol sales transaction between them and for Southern to take orders for alcohol only from those individuals authorized by class members to place such orders.

47.     Upon receiving class members' identifying information and issuing them a unique Southern account number, Representative Plaintiff and members of both classes reasonably believed Southern would keep said identifying information confidential. Indeed, Southern agreed

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

in writing to every class member that "[e]xcept as agreed herein, Southern will not disclose your private information unless it is required to do so by law, to verify your continuing financial stability or in an effort or action to collect your unpaid debt to Southern."

48. Representative Plaintiff and members of both classes provided their confidential identifying information, and subsequently did business with Southern in reasonable reliance upon this promise.

49. Moreover, the agreements between class members and Southern contained additional express and/or implied promises by Southern upon which class members reasonably relied, including, but not necessarily limited to the promises that:

    a.    Southern would not disclose class members' account numbers, liquor license numbers and/or other confidential information for reasons other than those identified in its agreements therewith and, in those situations, only to the extent necessary to effectuate the lawful purpose(s) therefor;

    b.    Southern would not use class members' account numbers, liquor license numbers and/or other confidential information to the financial detriment of class members;

    c.    Southern would not add so-called authorized purchasers to class members' Direct Warehouse Sales Authorization to Purchase Forms, without class members' knowledge and consent;

    d.    Southern would not contract with third-parties to use class members' account numbers, liquor license numbers and/or other confidential information to the financial detriment of class members;

    e.    Southern would not engender unfair competition between its account holders (class members) and/or between account holders and unlicensed third-parties;

    f.    Southern would not undermine class members' profits by giving away liquor, and/or selling liquor at lower prices to (licensed or unlicensed) third-parties/competitors, and/or a combination of these practices;

    g.    Southern would not engage in conduct which it knew and/or had reason to know would increase class members' tax liabilities to state and/or federal taxing authorities;

    h.    Southern would not engage in conduct which it knew and/or had reason to know would cause class members to misstate their tax liabilities in tax returns and/or internal documents (e.g., profit & loss statements);

    i.    Southern would not engage in conduct which it knew and/or had reason to know would require class members to re-state/correct tax returns and/or correct internal documents, and incur legal and/or accounting fees in doing so;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

j.    Southern would not demand that class members purchase certain amounts of liquor, or specific varieties of liquor, at the risk of class members' alcohol supply being cut off;

k.    Southern would comply with 4 CCR §17 and provide class members with an invoice for every transaction containing, *inter alia*, name and address of the purchaser, the type and quantity of liquor ordered, the cost to the purchaser and method of payment, the date of sale and invoice number. Indeed, this expectation of class members was predictable to Southern given that Southern knew and/or had reason to know that class members commonly relied on such invoices to determine the type and quantity of liquor received/purchased and determine their business' tax liabilities.

**Southern's Violations of Law**

50.    Representative Plaintiff and members of both classes entered into contracts with Southern reasonably relying on Southern to honor these duties and obligations.

51.    In breach of these duties, warranties, express and/or implied promises, and contrary to the reasonable expectations of class members, Southern committed various unlawful and/or unfair business practices, including, but not necessarily limited to:

a.    Adding so-called authorized purchasers on Representative Plaintiff's and class members' Direct Warehouse Sales Authorization to Purchase Forms, without their knowledge or consent;

b.    Leading Representative Plaintiff and members of both classes to misreport their tax obligations to state and/or federal taxing authorities;

c.    Compelling Representative Plaintiff and members of both classes to re-state their tax obligations for prior tax cycles to state and/or federal taxing authorities, and to incur time and expense in retaining legal and financial professionals therefor;

d.    Selling liquor to bars/restaurants/clubs that do not possess liquor licenses using Representative Plaintiff's and class members' liquor license numbers and/or their Southern account numbers;

e.    Singling out customers who pay C.O.D. and/or are known to maintain poor accounting practices (e.g., for "ghost shipping" practices);

f.    Selling liquor to third-parties on Representative Plaintiff's and class members' accounts at lower prices than to legitimate/licensed purchasers;

g.    Selling liquor to different parties at different prices, in violation of federal alcohol regulations and state and/or federal law;

h.    Permitting its officers, managers, agents and/or other employees to purchase liquor on Representative Plaintiff's and class members'

licenses/accounts, using cash and/or charging class members for the liquor, then storing (i.e., not delivering it) in order to meet quotas (and in violation of 4 CCR §76);

i.    Permitting its officers, managers, agents and/or other employees to give away liquor, by pricing such at $.01;

j.    Permitting its officers, managers, agents and/or other employees to give away liquor by printing sample labels for full regular-sized bottles;

k.    Permitting its officers, managers, agents and/or other employees to purchase liquor using class members' liquor license numbers and/or their Southern account numbers, temporarily store the liquor (in violation of 4 CCR §76), then returning the liquor later, in order to meet quotas, oftentimes without refunding the money;

l.    Using so-called "A Forms" (which lack bar codes and invoice numbers and are, thus, nearly impossible to locate) to facilitate liquor transactions, in violation of 4 CCR §17;

m.    Not providing annual invoices, unless requested, in order to conceal the practices cited herein;

n.    Permitting its officers, managers, agents and/or other employees to purchase liquor "off-invoice";

o.    Permitting its officers, managers, agents and/or other employees to sell "off-invoice" liquor to retailers without licenses, or to retailers who will then resell the liquor to other retailers, in violation of state and/or federal law;

p.    Permitting its officers, managers, agents and/or other employees to sell "off-invoice" liquor to private individuals, in violation of state and/or federal law;

q.    Threatening to cut off supplies to customers who do not buy a sufficient quantity of liquor, or liquor of select varieties;

r.    Refusing to sell products to class members without them purchasing "tie-ins" (other types of liquor than those the customer wishes to purchase);

s.    Giving kickbacks, free samples and other unlawful incentives to restaurants/retailers (in violation of, *inter alia*, 4 CCR §106), in order to keep them from reporting the violations specified above;

t.    Working and/or conspiring with third-parties to allow for the unfair/unlawful practices above and below;

u.    Ignoring complaints from sales representatives and/or retailers about the unfair and unlawful business practices detailed herein.

52.    Representative Plaintiff is informed and believes and, on that basis, alleges that Southern has actual and/or constructive knowledge of all of the practices listed above, and that it

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   willfully permitted them to continue in order to meet quotas (and, thus, maintain its business

2   relationships with producers) and increase profits, in violation of state and/or federal law.

3       53.     Representative Plaintiff is informed and believes and, therefore, alleges that many

4   (if not all) of Southern's practices listed above and throughout this Complaint have a substantial

5   impact on interstate commerce.

6

7   **Southern Benefits from its Fraud**

8       54.     Through its unscrupulous, unethical and unlawful schemes detailed herein,

9   Southern has enjoyed increased revenues, profitability and market share from its larger volume

10  of sales. These practices have given Southern an unfair competitive advantage over its

11  competition with a resultant disadvantage to the public and class members.

12      55.     Not only did these schemes serve to directly increase Southern's profits, the

13  schemes served to secure highly-desirable and highly-profitable supply relationships.

14  Specifically, through its wrongdoing, Southern has successfully obtained the exclusive right to

15  distribute particular alcohol brands, to the detriment of class members and to Southern's

16  competitors.

17      56.     It is common practice in the alcohol industry for an alcohol manufacturer (tier 1)

18  to designate only one wholesaler (tier 2) per geographic area—that designation generally being

19  made based on the level of sales achieved by the particular wholesaler. Once chosen, alcohol

20  retailers (tier 3) are forced to buy that manufacturer's product(s) exclusively through its chosen

21  wholesaler, or not buy it/them at all.

22      57.     Such exclusive contracts are extremely valuable to wholesaler distributors for a

23  variety of reasons, the most obvious being that these contracts virtually guarantee future orders

24  for that distributor from retailers in that geographic area. Once acquired, these wholesalers have

25  a tremendous profit motive to keep them. This is particularly so in the case of highly-demanded

26  liquors.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

58.     During the class period, Southern enjoyed numerous exclusive contracts with alcohol manufacturers/producers, with a resultantly larger client base, more orders therefrom, and higher profitability.

## FIRST CLAIM FOR RELIEF
### COMMON LAW FRAUD
*(for the California and Nationwide Classes)*

59.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

60.     Southern willfully, falsely, and knowingly misrepresented material facts relating to the manner in which it would use class members' license/account numbers, failing to provide adequate protection and confidentiality regarding this and/or other identifying information, and disclosing/supplying confidential information to third-parties to facilitate transactions to the detriment and without the knowledge or consent of class members, as well as engaging in transactions using said accounts for Southern's own benefits. The prohibition against such conduct is expressed and/or implied in the common contract between the parties.

61.     Southern intended that Representative Plaintiff and members of both classes rely on said misrepresentations, in order to induce them to do business with Southern.

62.     The conduct of Southern constitutes fraud against Representative Plaintiff and members of both classes. Southern, directly and/or through its agents and employees, made false representations to Representative Plaintiff and members of both classes that were likely to deceive Representative Plaintiff and class members. Representative Plaintiff and the members of both classes were misled by these false representations in purchasing goods and/or services from Southern and/or entering into and/or maintaining agreements therewith.

63.     Representative Plaintiff and members of both classes reasonably relied on said misrepresentation by doing business with Southern, and suffered harm in that they incurred tax liabilities for purchases made on their liquor accounts/licenses without their knowledge or consent.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

64.     Representative Plaintiff's and members of both classes' reliance on said misrepresentations was the sole cause of his/their suffering/harm.

65.     As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

66.     Moreover, at all times herein mentioned, Southern intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiff and members of both classes, and because Southern was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiff and members of both classes are entitled to an award of exemplary or punitive damages against Southern in an amount adequate to deter such conduct in the future.

## SECOND CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY OF CONFIDENTIALITY
*(for the California and Nationwide Classes)*

67.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

68.     Southern was Representative Plaintiff's (and members of both classes') business partner and was, therefore, in a fiduciary relationship with Representative Plaintiff and members of both classes, pursuant to which Southern was obligated to keep certain confidential information (such as class members' license/account numbers) private.

69.     Southern had information relating to Representative Plaintiff and members of both classes that it knew or should have known was confidential (such as class members' license/account numbers).

70.     Southern used Representative Plaintiff's and members of both classes' confidential information for its own benefit and communicated said information to third-parties,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

at which time, these third-parties, with Southern's knowledge and approval, used that confidential information to purchase liquor on class members' liquor licenses/accounts.

71. Representative Plaintiff and members of both classes did not give informed consent to Southern's conduct.

72. The confidential information was not a matter of general knowledge.

73. Southern's conduct was the sole cause of harm to Representative Plaintiff and members of both classes.

74. As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

75. As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

76. Moreover, at all times herein mentioned, Southern intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiff and members of both classes, and because Southern was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiff and members of both classes are entitled to an award of exemplary or punitive damages against Southern in an amount adequate to deter such conduct in the future.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT
*(for the California and Nationwide Classes)*

77. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

78.     During the limitations period, Representative Plaintiff and members of both classes entered into valid contracts, supported by sufficient consideration, as referenced above, pursuant to which Southern was obligated not to disclose confidential information that was included on Representative Plaintiff's credit and other applications, such as their account numbers, and to only sell liquor on class members' accounts to authorized agents thereof.

79.     Representative Plaintiff and members of both classes performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

80.     Despite the foregoing, Southern materially breached its contracts with Representative Plaintiff and members of both classes by disclosing their confidential information (such as account numbers) to third-parties, with the intent of then selling liquor to the third-parties on said licenses, and/or actually sold liquor to third-parties using the account numbers and liquor licenses of Representative Plaintiff and members of both classes, and/or purchased alcohol using class members' account numbers and liquor licenses in order to make quotas, all without class members' knowledge and consent.

81.     As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

82.     As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FOURTH CLAIM FOR RELIEF**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
*(for the California and Nationwide Classes)*

83. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

84. Representative Plaintiff and members of both classes entered into valid contracts, supported by sufficient consideration, as referenced above, pursuant to which Southern was obligated, *inter alia*, not to disclose confidential information that was included on class members' credit and other applications, such as their account numbers, and to only sell liquor on class members' accounts to authorized agents thereof.

85. Representative Plaintiff and members of both classes performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

86. These agreements contained an implied covenant of good faith and fair dealing, which obligated Southern to perform the terms and conditions of the above-described agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Representative Plaintiff and members of both classes from performing any or all of the conditions of the contract that he/they agreed to perform, or any act that would deprive class members of any of the benefits of the contract.

87. In breach of said duties, Southern unfairly deprived Representative Plaintiff and members of both classes of the intended benefits of their contracts with Southern, by giving away confidential information, and allowing purchases to be made on class members' accounts/licenses without the knowledge or consent of class members.

88. In further breach of said duties, Southern deprived Representative Plaintiff and members of both classes of the intended benefits of their contracts with Southern by creating a risk that class members would lose their licenses and/or be exposed to tax liabilities for liquor they never purchased.

89. Southern breached its implied covenant of good faith by unfairly interfering with class members' right to receive the intended benefits of their contracts with Southern.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

90.     As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENCE**
*(for the California and Nationwide Classes)*

91.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

92.     At all times herein relevant, Southern owed Representative Plaintiff and members of both classes a duty of care, *inter alia*, to act with reasonable care so as not to allow class members' confidential information (e.g., liquor license numbers/account numbers) to be disclosed or used in ways not authorized by class members.

93.     Southern did breach its general duty of care to Representative Plaintiff and members of both classes in, but not necessarily limited to, the following ways:

a.     In knowing or having reason to know of the disclosure of class members' confidential information to third-parties, without class members' knowledge or consent, and failing to correct same;

b.     In knowing or having reason to know of the use of class members' accounts by Southern's officers, managers, agents and/or other employees to order liquor to meet quotas, without class members' knowledge or consent, and failing to correct same;

c.     In knowing or having reason to know of the use of class members' accounts by third-parties to obtain lower prices and/or avoid paying taxes, without class members' knowledge or consent, and failing to correct same;

94.     As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on

1    those monies, and by being subjected to unfair business practices and unfair competition which,

2    in turn, lowered class members' profitability, all in an amount to be proven at trial.

3

**SIXTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING AND SUPERVISION**
*(for the California and Nationwide Classes)*

95.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

96.    At all times herein relevant, Southern owed a duty of care to Representative Plaintiff and members of both classes in hiring and supervising employees who would act with reasonable care so as not to adversely affect Representative Plaintiff's and class members' vested and/or prospective property rights.

97.    Southern did breach its duty of care in, but not necessarily limited to, the following ways:

    a.    In not exercising reasonable care in hiring or retaining employees who were competent, honest and forthcoming with class members in the performance of the employees' work;

    b.    In not exercising reasonable care in the supervision of the employees, failing to stop the employees from misappropriating class members' information to class members' detriment;

    c.    Southern's officers, managers, agents and/or other employees utilized their unique access to class members' confidential information, and their ability to place and/or facilitate orders of liquor to purchase liquor for third-parties using class members' license/account numbers.

98.    Southern knew or should have known, during the class period, that its officers, managers, agents and/or other employees were likely to abuse class members' confidential information in this way due to a company culture throughout Southern's facilities that places extreme pressure on Southern's workforce to meet sales quotas and/or maintain exclusive contracts with producers/manufacturers.

99.    As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

100.    As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATIONS OF CAL. CIV. CODE §1714**
*(for the California Class Only)*

101.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

102.    At all times herein relevant, Southern owed Representative Plaintiff and members of both classes a duty of care, *inter alia*, to act with reasonable care so as not to allow class members' confidential information (e.g., liquor license numbers/account numbers) to be disclosed or used in ways not authorized by class members.

103.    Southern did breach its general duty of care to Representative Plaintiff and members of both classes in, but not necessarily limited to, the following ways:

    a.    In knowing or having reason to know of the disclosure of California class members' confidential information to third-parties, without California class members' knowledge or consent, and failing to correct same;

    b.    In knowing or having reason to know of the use of California class members' accounts by Southern's officers, managers, agents and/or other employees to order liquor to meet quotas, without class members' knowledge or consent, and failing to correct same;

    c.    In knowing or having reason to know of the use of California class members' accounts by third-parties to obtain lower prices and/or avoid paying taxes, without California class members' knowledge or consent, and failing to correct same.

104.    As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

105.    As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF CAL. CIV. CODE §1572**
*(for the California Class Only)*

106.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

107.    Southern willfully, falsely, and knowingly misrepresented material facts relating to the manner in which account numbers would be used, failing to provide adequate protection and secrecy in regards to this confidential information, and disclosing/supplying them to third-parties to facilitate transactions on class members' accounts without their knowledge or consent, as well as performing transactions using said accounts for Southern's own benefits. These misrepresentations are contained in the contract between the parties.

108.    Southern intended that Representative Plaintiff and members of the California class rely on said misrepresentations, in order to induce Representative Plaintiff and members of the California class to do business with Southern.

109.    Representative Plaintiff and members of the California class reasonably relied on said misrepresentation by doing business with Southern, and suffered harm in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

110.    Representative Plaintiff's and members of the California class' reliance on said misrepresentations was the sole cause of his/their suffering harm.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

111.    As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of the California class were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

112.    As a further direct and proximate result of Southern's actions, Representative Plaintiff and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

113.    Moreover, at all times herein mentioned, Southern intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiff and members of the California class, and because Southern was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiff and members of the California class are entitled to an award of exemplary or punitive damages against Southern in an amount adequate to deter such conduct in the future.

## NINTH CLAIM FOR RELIEF
### BELOW COST SALES
### VIOLATIONS OF CAL. BUS. & PROF. CODE §17043, *ET SEQ.*
*(for the California Class Only)*

114.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

115.    As alleged herein, Southern intentionally engaged in unlawful sales below cost. Southern offered to sell and/or sold liquor at a price that is below cost, in order to make quotas and, therefore, maintain its contracts with producers, and gave away its products without compensation in order to accomplish the same. Such practices also run afoul of 4 CCR §106.

116.    Southern's sole purpose in engaging in the conduct detailed herein was to achieve maximum profitability and market share through damaging and/or destroying competition,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing.

117.    In engaging in these unlawful business practices, Southern has enjoyed an advantage over its competition and a resultant disadvantage to the public and California class members.

118.    Southern's conduct was the sole cause of harm to Representative Plaintiff and members of the California class.

119.    As a direct and proximate result of Southern's actions, Representative Plaintiff and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

120.    Representative Plaintiff and members of the California class are entitled to an injunction, preventing Southern from engaging in this unfair and unlawful behavior, and treble the damages sufficient to correct the harm Representative Plaintiff and California class members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code §17082, all in an amount to be proven at trial.

## TENTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT: CAL. BUS. & PROF. CODE, §17200, *ET SEQ*.
*(for the California Class Only)*

121.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

122.    Representative Plaintiff and members of the California class further bring this cause of action, seeking equitable and statutory relief to stop the misconduct of Southern, as

complained of herein, and seeking restitution from Southern for the unfair, unlawful and fraudulent business practices described herein.

123. The knowing conduct of Southern, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208. Specifically, Southern conducted business activities while failing to comply with the legal mandates cited herein. Such violations include but are not necessarily limited to damaging and/or destroying competition through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing in violation of, *inter alia*, 4 CCR §§17, 52, 76, 106, the three-tier system codified under 27 U.S.C. §205, the Sherman Antitrust Act (15 U.S.C. §1, *et seq.*), the Robinson-Patman Act (15 U.S.C. §13), Cal. Bus. & Prof. Code §§17043, *et seq.*, 23501, and 23985, *et seq.*), Cal. Civ. Code §1572 and 1714.

124. Moreover, in engaging in these unlawful business practices, Southern has enjoyed an advantage over its competition and a resultant disadvantage to the public and class members.

125. Southern's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Southern's competitors, engenders an unfair competitive advantage for Southern, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

126. Southern has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and members of the California class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Southern and as set forth in legislation and the judicial record.

127. Representative Plaintiff and members of the California class request that this Court enter such orders or judgments as may be necessary to enjoin Southern from continuing its unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiff and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

members of the California class any money Southern acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §17200, *et seq.*; and for such other relief set forth below.

**ELEVENTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
*(for the California and Nationwide Classes)*

128.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

129.    As alleged herein, Southern intentionally and/or recklessly made false representations to Representative Plaintiff and members of each of the classes to induce them to enter contracts Southern. Representative Plaintiff, and members of each of the classes reasonably relied on these false representations when entering their contracts with Southern.

130.    Representative Plaintiff and members of each of the classes did not receive all of the benefits of the contracts they signed and of the promises made by Southern. Moreover, in engaging in these unlawful business practices, Southern has enjoyed an advantage over its competition and a resultant disadvantage to the public and class members.

131.    It would be inequitable and unconscionable for Southern to retain the profit, benefit, and/or other compensation it obtained from the deceptive, misleading, unfair and unlawful conduct alleged herein.

132.    Representative Plaintiff and members of each of the classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by Southern from its deceptive, misleading, unfair and unlawful conduct as alleged herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**TWELFTH CLAIM FOR RELIEF**
**ACCOUNTING**
*(for the California and Nationwide Classes)*

135.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

136.    Representative Plaintiff and members of each of the classes hereby demand an accounting of all transactions between them, on the one hand, and Southern, on the other hand, within the limitations period and payment of the amount found due.

137.    Representative Plaintiff and members of each of the classes also hereby demand an accounting of all transactions between Southern, on the one hand, and unlicensed third-parties to whom Southern has (a) sold and/or distributed alcohol and/or (b) provided alcohol free of charge on the other hand, within the limitations period, and payment of the amount found due.

138.    To date, Southern has failed to render such an accounting and to pay such sum.

139.    Such an accounting is necessary to determine, *inter alia*, the degree of unjust enrichment to Southern, lost profits to class members, class members' proper tax liabilities, and the degree to which class members may now be compelled to re-calculate and re-state prior tax liabilities.

**THIRTEENTH CLAIM FOR RELIEF**
**ATTORNEYS' FEES PURSUANT TO CAL. CODE OF CIV. PROC. §1021.5**
*(for the California Class Only)*

140.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

141.    The reimbursement of attorneys' fees by Southern to Representative Plaintiff and members of the California class in responding to the deceptive, misleading, unfair and unlawful practices of Southern will confer a significant benefit on the general public, Southern's competitors, and persons and business entities at the alcohol retail and production tiers.

142.    Representative Plaintiff and members of the California class have expended and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

will continue to expend considerable attorneys' fees in this action in order to remedy the various forms of damage caused by Southern practices. Such attorneys' fees are and will continue to be of public benefit.

143.   Recovery of said attorneys' fees confer a benefit on the public by ensuring that those who profited from and who are directly at fault for the practices detailed herein bear the full cost of such practices, and by discouraging future intentional, reckless and/or negligent management and business practices.

144.   It is in the interests of justice that Representative Plaintiff's and California class members' attorneys' fees not be paid out of the recovery for which the Representative Plaintiff and members of the California class pray herein.

## **REQUEST FOR RELIEF**

**WHEREFORE**, the Representative Plaintiff, on behalf of himself and each member of members of the proposed Nationwide Class and the California Subclass, respectfully request that the Court enter judgment in their favor and for the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.   That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel as Class Counsel;

2.   That Defendants be found to have breached their contracts with Representative Plaintiff and members of both classes;

3.   That Defendants be found to have made fraudulent and/or negligent misrepresentations to Representative Plaintiff and members of both classes;

4.   For an award to Representative Plaintiff and members of both classes of compensatory damages in an amount to be proven at trial;

5.   That Defendants be found to have violated 18 U.S.C. §§1961-1968 with regard to the Representative Plaintiff and members of both classes;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

6.     That Defendants be found to have violated Cal. Civ. Code §1572, §1714, and California Business & Professions Code §17200 *et seq*., with regard to the Representative Plaintiff and members of the California subclass;

7.     That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in further violation of California Business and Professions Code §17200, *et seq.*;

8.     For an award of restitution and disgorgement of Defendants' excessive and ill-gotten revenues to Representative Plaintiff and members of the California class;

9.     For a declaration that any and all tax obligations of class members to state and/or federal taxing authorities resulting from Defendants' deceptive, misleading, unfair and unlawful conduct are properly Defendants' financial obligations. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

10.    For an Order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Defendants as a result of the unfair, misleading, fraudulent, and unlawful conduct alleged herein;

11.    For an Accounting of all transactions conducted between (a) Representative Plaintiff and members of both classes, on the one hand, and Defendants, on the other hand, and (b) Southern, on the one hand, and unlicensed third-parties to whom Southern has (i) sold and/or distributed alcohol and/or (ii) provided alcohol free of charge on the other hand, within the limitations period;

12.    For punitive and exemplary damages in an amount appropriate and sufficient to punish Defendants, and each of them, and deter others from engaging in similar misconduct in the future;

13.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

14.    For an award of reasonable attorneys' fees, pursuant to California Code of Civil Procedure §1021.5 and/or California Civil Code §§1780 (d) and 1794 (d);

1     15.     For costs of suit and any and all other such relief as the Court deems just and

2  proper;

3     16.     For all other Orders, findings, and determinations identified and sought in this

4  Complaint.

5

6                              **<u>JURY DEMAND</u>**

7     Representative Plaintiff and members of each of the Plaintiff classes hereby demand trial

8  by jury on all issues triable of right by jury.

9

10  Dated: July 5, 2017                   **SCOTT COLE & ASSOCIATES, APC**

11

12                       By:    <u>/s/ Scott Edward Cole</u>

13                             Scott Edward Cole, Esq.
                               Attorneys for Representative Plaintiff

14                               and the Representative Plaintiff Classes

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Complaint for Damages, Restitution, Injunctive/Equitable Relief and for an Accounting