Scott Edward Cole, Esq. (S.B. #160744)
Kevin Francis Barrett, Esq. (S.B. #136607)
Teresa Denise Allen, Esq. (S.B. #264865)
Corey Benjamin Bennett, Esq. (S.B. #267816)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email: scole@scalaw.com
Email: kbarrett@scalaw.com
Email: tallen@scalaw.com
Email: cbennett@scalaw.com
Web:   www.scalaw.com

Kelley Gelini, Esq. (S.B. #160698)
Wesley Wakeford, Esq. (S.B. #224801)
**WAKEFORD GELINI**
275 Battery, Suite 1300
San Francisco, California 94111
Telephone: (415) 578-3510
Facsimile:  (415) 294-2890
Email: wes@wakefordlaw.com
Email: kelley@wakefordlaw.com
Web:   www.wakefordlaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class(es)

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JAMES C. NGUYEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN GLAZER GLAZER'S WINE AND SPIRITS, LLC, SOUTHERN GLAZER WINE & SPIRITS OF AMERICA, INC.,<br><br>Defendants. | **Case No. 5:17-CV-03805-LHK**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE/EQUITABLE RELIEF**<br><br>***JURY TRIAL DEMANDED*** |

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.      This is a class action brought by Representative Plaintiff on behalf of himself as well as on behalf of California and national classes of all entities/persons who maintained an open account with Defendants and/or any of them (hereinafter "Southern Glazer," Defendant" and/or "Defendants") at any time during, at least, the last four years (the "limitations period").

2.      Representative Plaintiff, on behalf of himself and members of the respective classes (hereinafter "class members" in one or more of the classes identified herein), seeks damages, interest thereon, restitution, injunctive and other equitable relief, reasonable attorneys' fees and costs and disgorgement of all benefits Southern Glazer has enjoyed from its numerous unlawful and/or deceptive business practices, as detailed herein.

3.      Representative Plaintiff asserts that Southern Glazer knowingly engaged in unfair, unlawful, deceptive, and fraudulent business practices vis-à-vis a common sales and distribution scheme that runs afoul of a multitude of California state and federal unfair competition laws and fraud protection statutes. Although more full set forth below, this unlawful scheme entailed using class members' account numbers to make unauthorized purchases for third-parties without class members' knowledge or consent, creating tax liabilities for class members and/or otherwise threatening class members' liquor licenses and business operations.

4.      Representative Plaintiff asserts that, during the limitations period, Southern Glazer had and continues to have a consistent policy of permitting, encouraging and/or allowing its officers, managers, agents and/or other employees to purchase alcohol on the accounts/licenses of class members, without their knowledge or consent, and/or to provide their account/license numbers to third-parties, who then purchase alcohol by assuming class members' business identities, without class members' knowledge or consent.

5.      Southern Glazer's unlawful scheme also includes offering to sell, selling, and/or giving away alcohol at reduced prices (i.e. below cost sales), loss leader selling, offering secret rebates and other unearned discounts to certain persons/entities, and threatening and intimidating

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

in order to effectuate the aforementioned activities in violation of various state and federal alcohol regulations and unfair competition statutes.

6.      Southern Glazer's unlawful scheme also includes (1) permitting its own officers, managers, agents and/or other employees to purchase liquor on class members' accounts, using cash, and then storing the liquor in order to meet sales quotas, (2) engendering unfair competition through "tying" practices, (3) permitting its officers, managers, agents and/or other employees to purchase liquor on class members' accounts, who then temporarily store the liquor, returning it later, in order to meet quotas, but without refunding the money, (4) falsifying sales documentation to avoid scrutiny for Southern Glazer's unlawful schemes, and (5) ignoring complaints from and/or unlawfully pressuring retailers about the unfair and unlawful business practices detailed in this pleading, including threatening to cut off supply to customers/retailers. These practices are widespread and unlawful.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction) and/or 28 U.S.C. §1331 (controversy arising under United States law). Supplemental jurisdiction to adjudicate issues pertaining to California state law is proper in this Court under 28 U.S.C. §1367.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 and local rule 3-2.c., because the events that gave rise to Representative Plaintiff's claims took place within the Northern District of California, San Jose Division's jurisdiction, and Southern Glazer does business in this Judicial District and Division.

## REPRESENTATIVE PLAINTIFF

9.      James C. Nguyen is an adult individual and resident of San Jose, California. He is referred to in this Complaint as the "Representative Plaintiff" and/or simply as "Plaintiff."

10.     Representative Plaintiff was the liquor license holder for Arena Restaurant and Lounge, LLC, a restaurant that lawfully did business during the class period in San Jose, California.

11.     During the relevant time period, Representative Plaintiff had an account with Southern Glazer, wherein Representative Plaintiff and authorized agents thereof were permitted to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   purchase liquor from Southern Glazer using Representative Plaintiff's liquor license (issued by the

2   California Department of Alcoholic Beverage Control) and/or his Southern Glazer-issued account

3   number.

4       12.    During the relevant time period, Representative Plaintiff and/or his authorized

5   agents repeatedly purchased liquor from Southern Glazer, using Representative Plaintiff's ABC

6   liquor license and/or Southern Glazer-issued account number.

7       13.    At all times herein relevant, Representative Plaintiff is and was a member of the

8   Nationwide Class and the California Subclass.

9       14.    Representative Plaintiff brings this action on behalf of himself, and as a class action,

10   pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly

11   situated and proximately damaged by the unlawful conduct described herein.

12   **DEFENDANTS**

13       15.    According to Defendant's website,[1] "Glazer's Wholesale Distributors" (the

14   predecessor to Glazer's, Inc.) was founded and began operations on or about the repeal of

15   Prohibition in 1933 and has, in various corporate forms, distributed/sold food, drink and tobacco

16   products on a wholesale basis in various states across the nation.

17       16.    Since 1968, Southern Glazer Wine and Spirits of America, Inc. has distributed/sold

18   food, drink and tobacco products on a wholesale basis in various states across the nation, including

19   in California.

20       17.    In 2016, defendant Southern Wine & Spirits of America, Inc. merged with Glazer's,

21   Inc., to form co-defendant Southern Glazer's Wine & Spirits, LLC, which continues to serve as a

22   distributor/wholesaler of food, drink and tobacco products in various states across the nation,

23   including California. At present, California constitutes the largest state market for Defendants.

24       18.    For all purposes relevant to this litigation, defendant Southern Glazer's Wine &

25   Spirits, LLC is the successor in interest to co-defendant Southern Wine & Spirits of America, Inc.

26   and to Glazer's, Inc.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

---

[1] http://www.Southern Glazerglazers.com/about-us/

First Amended Complaint for Damages, Restitution, and Injunctive/Equitable Relief

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

19.     During the class period, employees/representatives of defendants Southern Glazer's Wine & Spirits, LLC and Southern Wine and Spirits of America, Inc. invoiced and/or sold wine, beer, and spirits to bars, restaurants, and liquor stores on behalf of said defendants under various labels and brands, including, but not limited to (1) Southern Glazer's Wine and Spirits of CA North, (2) Pacific Wine and Spirits of CA North, (3) American Wine and Spirits of CA North, (4) Transatlantic Wine and Spirits of CA North, (5) Southern Glazer's of CA North, (6) Southern Wine & Spirits of CA, (7) Pacific Wine & Spirits of CA, (8) Coastal Wine and Spirits of CA, (9) Golden State Wine and Spirits of CA, (10) American Wine and Spirits of CA, (11) Southern Wine and Spirits – Union City and/or (12) Southern Wine and Spirits Northern Cal. The identity of one or more of these additional entities appears on invoices sent by Southern Glazer to the Representative Plaintiff.

20.     Moreover, despite its unassuming presentation as a "family owned" business, Southern Glazer operates and distributes more than 150 million cases of wine and spirits annually across 44 States, the District of Columbia, Canada and the Caribbean, through the efforts of its claimed 20,000 employees. These realities support Southern Glazer's claimed status as the largest wine and spirits distributor in the United States.

21.     Moreover, as the dominant wine and spirits distributor in this nation, Southern Glazer successfully markets, promotes, merchandises, and distributes over 5,000 brands, and represents approximately 1,600 wine, spirits, beer, and beverage suppliers, both domestic and foreign.

## TOLLING OF THE STATUTE OF LIMITATIONS

**Discovery Rule Tolling**

22.     Class members had no way of knowing about Southern Glazer's unlawful sales and distribution scheme, including Southern Glazer's deception with respect to its unauthorized use of class members' accounts. For the Representative Plaintiff, Southern Glazer's deception was only discovered when Representative Plaintiff found that he had been assessed thousands of dollars in taxes for liquor he supposedly purchased, but did not purchase, from Southern Glazer. Plainly,

Southern Glazer was intent on expressly hiding its behavior from regulators and consumers, making this the quintessential case for tolling.

23.    Within the time period of any applicable statutes of limitation, Representative Plaintiff and members of the proposed classes could not have discovered, through the exercise of reasonable diligence, that Southern Glazer was concealing the unlawful conduct detailed herein.

24.    Representative Plaintiff and members of the proposed classes did not discover, and did not know of facts that would have caused a reasonable person to suspect, that Southern Glazer was abusing class members' accounts; nor would a reasonable and diligent investigation have disclosed that Southern Glazer was disclosing confidential information to third-parties, and facilitating unlawful transactions using class members' accounts, which was discovered by Representative Plaintiff only shortly before this action was filed.

25.    Nor, in any event, would such an investigation on the part of Representative Plaintiff and other class members have disclosed that Southern Glazer valued profits over compliance with federal and state law, or over the trust Representative Plaintiff and other class members had placed in Defendants' representations, or of Southern Glazer's scheme to meet quotas and secure business with particular manufacturers/producers by facilitating unlawful sales and/or outright gifts of liquor.

26.    For all these reasons, all applicable statutes of limitations have been tolled by operation of the discovery rule.

**Fraudulent Concealment Tolling**

27.    All applicable statutes of limitations have also been tolled by Southern Glazer's knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

28.    Instead of disclosing its account information disclosure scheme, or that it was making unauthorized sales using class members' liquor licenses, and of its disregard in various other respects of federal and state law, Southern Glazer falsely represented that its practices complied with federal and state standards governing the liquor industry and fair competition within

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

interstate commerce, generally, and that it was a reputable wholesaler whose representations could be trusted.

## CLASS ACTION ALLEGATIONS

29. Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following class and subclass(es) (collectively, the "classes"):

California Class:
"All persons/entities, within the State of California, who had an account with Southern Glazer Glazer's Wine & Spirits, LLC and/or Southern Glazer Wine & Spirits of America, Inc. within the applicable time period."

National Class:
"All persons/entities, within the United States of America, who had an account with Southern Glazer Glazer's Wine & Spirits, LLC and/or Southern Glazer Wine & Spirits of America, Inc. within the applicable time period."

30. Defendants, and their officers, directors and employees are excluded from each of the Plaintiff classes.

31. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff classes are so numerous that joinder of all members is impractical, if not impossible. Insofar as Southern Glazer's website claims that it employs over 20,000 team members, and distributes more than 150 million cases of wine and spirits annually, Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of class members is in the thousands or even tens of thousands of individuals/entities. Membership in the classes will be determined by analysis of Southern Glazer's open-account lists/business records.

b. Commonality: The Representative Plaintiff and the class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1) Whether Southern Glazer had a practice of providing class members' account/license numbers to third-parties;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

2) Whether Southern Glazer or its officers, managers, agents and/or other employees purchased liquor on class members' accounts, without their knowledge or consent, then failed to deliver said liquor to class members, or provide invoices documenting said transaction(s);

3) Whether Southern Glazer allowed third-parties to purchase liquor on class members' accounts, without their knowledge or consent, then failed to deliver said liquor to class members, or provide invoices documenting said transaction(s);

4) Whether Southern Glazer's practices constitute fraud and/or a pattern of fraudulent activity;

5) Whether Southern Glazer's practices constitute breach(es) of fiduciary duties;

6) Whether Southern Glazer violated California Business and Professions Code §§ 17000, *et seq.*, by engaging in below cost sales, using loss leaders, gifts, secret rebates, unearned discounts, and using threats or intimidation to effectuate such violations in order to injure competitors or destroy competition;

7) Whether Southern Glazer violated California Business and Professions Code §§17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

8) Whether Southern Glazer was unjustly enriched by, *inter alia*, allowing/permitting use of class members' account numbers and/or liquor licenses by third-parties, engaging in practices which engender unfair competition and/or other practices which threaten interstate commerce;

9) Whether injunctive, corrective and/or declaratory relief and/or an accounting is appropriate;

10) Whether Southern Glazer's conduct rises to the level sufficient to warrant an award of punitive damages.

c. <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the Plaintiff classes. Representative Plaintiff and all members of the Plaintiff classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d. <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff classes in that the Representative Plaintiff has the same interest in the litigation of this case as the class members, is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other class members or the classes in their entirety. The Representative Plaintiff anticipates no management difficulties in this litigation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

e. <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## **COMMON FACTUAL ALLEGATIONS**

**Post-Prohibition History of the Nation's Liquor Industry**

32.     Passage of the 18th Amendment to the Constitution in 1919 and the ushering in of Prohibition represented one of the darker periods in American history. While considered the crowning achievement of the Temperance movement (the social movement against the consumption of alcoholic beverages), crime rates and corruption soared under Prohibition and its resultant, often violent, black market for alcohol. In light of these realities, coupled with what many historians cite as a likely *increase* in alcohol consumption during that period Congress' proposal to overturn Prohibition through passage of a 21st Amendment to the Constitution was overwhelmingly ratified by various state conventions in 1933.

33.     To further regulate the alcohol industry through, *inter alia*, creation of the Federal Alcohol Administration (under the jurisdiction of the Department of the Treasury), Congress passed the Federal Alcohol Administration Act (27 U.S.C. §201, *et seq*.) in 1935.

34.     While, among other features, the 21st Amendment granted to States the right to maintain their own effective and uniform systems for controlling liquor transportation, importation and use, the Amendment did not, however, give the States the right to pass *nonuniform* laws that either discriminated against out-of-state goods or functioned in discordance with what is commonly referred to as the "three-tier system." (aka, "tied house" rules).

35.     The three-tier system, codified in 1935 under 27 U.S.C. §205, mandates complete separation of alcohol production, wholesaling, and retailing. Among other things, these tied house

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

rules were calculated to serve as a method of controlling consumption in America vis-a-vis increasing the minimum price of alcoholic drinks, decreasing the potential political power of large producers who could create a monopoly in the market and limit consumer choice, and ensuring the proper taxation at each of the three tiers.

36.     Fundamentally, the three-tier system provides that (1) producers cannot either wholesale or retail alcohol, (2) wholesalers cannot be producers or retailers, and (3) retailers cannot wholesale or produce alcohol. Under the three-tier system, manufacturers (tier 1) sell to licensed importers, distributors and control boards. Federal Excise Taxes are collected when goods leave the premises of the manufacturer or the bonded facilities of an importer. Licensed importers and distributors (tier 2) act in cooperation with the federal and state governments; they help ensure that alcohol beverage taxes are reliably collected. The prohibition against tier 2 entities owning or operating retailers (those at tier 3), ensures that suppliers cannot coerce retailers to favor their brands. Moreover, importers, distributors and control boards are only allowed to sell to licensed retailers. Licensed outlets like liquor stores, bars or restaurants (tier 3) ensure that alcohol is sold to those who are of legal age to purchase it. Acting like a safety net, this three-tier regulatory system provides for "checks and balances" to the way alcohol is distributed and sold throughout the system, from one licensed tier to another. These tied house rules dictate that no individual or entity (except the state regulator itself) is allowed to own and operate more than one tier of the system.

37.     Indeed, California statutory authority supports these tied house rules. Specifically, Cal. Bus. & Prof. Code §23501 declares, *inter alia*, that:

> (a) The regulation and licensing of the sale of alcoholic beverages in this state has operated for over 80 years under what is commonly referred to as the "three-tier system," which generally prohibits vertical integration within the distilled spirits industry. This system has helped in protecting against undue marketing influences within the distilled spirits industry and assisted the goals of promoting temperance and reasonable regulation of the sale of distilled spirits within the state. In addition, this system has helped create thousands of jobs and billions of dollars in economic development within California.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

38.     The import of these laws is multi-fold; ensuring vertical and horizontal parity between all parties within the liquor industry (i.e., disallowing participation in more than one tier) engenders equitable treatment (e.g., consistent pricing levels, reasonable availability of product) of those entities on other tiers (parity), discourages corruption and monopolistic practices, and promotes healthy and fair competition within interstate commerce. These goals are consistent with (and, in some cases, expressed in) the Sherman Antitrust Act (15 U.S.C. §1, *et seq.*), and the Robinson-Patman Act (15 U.S.C. §13).

**Southern Glazer Falsely Markets Itself as a Responsible Distributor**

39.     While touting itself as a "sales and distribution organization with a proud history of consistently delivering impeccable service," Southern Glazer's customer service is anything but a legitimate source of pride, as detailed throughout this Complaint.

40.     In fact, these unscrupulous practices are not merely known by Representative Plaintiff and/or class members. Indeed, a rudimentary "Google" search reveals numerous complaints from retailers, former-employees, and other sources regarding Southern Glazer's unethical business practices, some of which are highly critical of Southern Glazer, even citing to several of the specific unlawful practices cited herein.

**Liquor License/Account Application Process**

41.     Owners of bars/restaurants wishing to engage in the retail sale of alcohol will find a process for obtaining a liquor sales license that is highly regulated, and for which the grounds for suspensions and/or revocation of those licenses are numerous.[2]

42.     Applying for a California liquor license includes submission of documentation of business status, an individual financial affidavit, totals of investments in the business, banking information, and undergoing a background check. After submitting the required documents, completing the notification process (by posting notice in a conspicuous place at the entrance to the premises, as well as by mail and/or newspaper, dependent on the type of license sought, pursuant to Cal. Bus. & Prof. Code §23985, *et seq.*), a party may be approved for a license (note that, if the

---

[2]  (e.g., *see* California's Dept. of Alcoholic Beverage Control's penalty guidelines and schedule at http://www.abc.ca.gov/trade/Penalty%20Guidelines.pdf)

1  intended licensee wishes to sell hard-liquor, it must purchase a hard liquor license from another

2  current licensee or participate in California's annual lottery program and hope for the best, as new

3  licenses are not otherwise being issued). A unique liquor license number is then issued for the

4  particular bar/restaurant. In California, this number is registered with the State Board of

5  Equalization, so that the Board can collect taxes on retail sales of alcohol. Other states have similar

6  processes.

7       43.    To a bar/restaurant owner who wishes to sell alcohol to its patrons, obtaining and

8  maintaining a liquor license has tremendous value. However, despite its knowledge of that value,

9  the violations by Southern Glazer, as detailed in this Complaint, routinely threatened

10  Representative Plaintiff's and class members' use and maintenance of their respective licenses.

11  Indeed, Southern Glazer's conduct, as detailed herein and among other damages, resulted in tax

12  liability to Representative Plaintiff that, effectively, blocked the unfettered use of his license and

13  barred his resale/transference thereof to any interested third party.

14       44.    For licensees (i.e., the class members herein) desirous of obtaining liquor from

15  Southern Glazer for resale, the process is also standardized. After approaching Southern Glazer

16  for this purpose, class members were required to submit evidence of their liquor licenses, and

17  various forms including a credit application, a personal guarantee, an e-check authorization form,

18  a copy of certificate of resale, and a document entitled Appendix A California resale certificate.

19  As well as a Direct Warehouse Sales Authorization to Purchase Form, which lists the authorized

20  purchasers for the bar/restaurant/liquor store. Once these papers were approved, each class

21  member was given a unique account number which the class members could then use to purchase

22  liquor from Southern Glazer. Membership in one or both of the Plaintiff classes requires

23  persons/entities to have submitted such forms, have had such forms approved by Southern Glazer

24  and been issued thereby a unique Southern Glazer account number.

25       45.    Class members expected to only be charged by Southern Glazer and the proper

26  taxing authorities for alcohol purchases *actually made* from Southern Glazer. Class members did

27  not expect Southern Glazer to charge them for alcohol class members did not order and/or for

28  Southern Glazer to report to taxing authorities unauthorized alcohol sales.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

46.     Consistent with 4 CCR §17, class members expected Southern Glazer to provide an accurate invoice for every alcohol sales transaction between them and for Southern Glazer to take orders for alcohol only from those individuals authorized by class members to place such orders.

47.     Upon receiving class members' identifying information and issuing them a unique Southern Glazer account number, Representative Plaintiff and members of both classes reasonably believed Southern Glazer would keep said identifying information confidential. Indeed, Southern Glazer agreed in writing to every class member that "[e]xcept as agreed herein, Southern Glazer will not disclose your private information unless it is required to do so by law, to verify your continuing financial stability or in an effort or action to collect your unpaid debt to Southern Glazer."

48.     Representative Plaintiff and members of both classes provided their confidential identifying information, and subsequently did business with Southern Glazer in reasonable reliance upon this promise.

49.     Moreover, the agreements between class members and Southern Glazer contained additional express and/or implied promises by Southern Glazer upon which class members reasonably relied, including, but not necessarily limited to the promises that:

a.      Southern Glazer would not disclose class members' account numbers, liquor license numbers and/or other confidential information for reasons other than those identified in its agreements therewith and, in those situations, only to the extent necessary to effectuate the lawful purpose(s) therefor;

b.      Southern Glazer would not use class members' account numbers, liquor license numbers and/or other confidential information to the financial detriment of class members;

c.      Southern Glazer would not add so-called authorized purchasers to class members' Direct Warehouse Sales Authorization to Purchase Forms, without class members' knowledge and consent;

d.      Southern Glazer would not contract with third-parties to use class members' account numbers, liquor license numbers and/or other confidential information to the financial detriment of class members;

e.      Southern Glazer would not engender unfair competition between its account holders (class members) and/or between account holders and unlicensed third-parties;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

f.      Southern Glazer would not undermine class members' profits by giving away liquor, and/or selling liquor at lower prices to (licensed or unlicensed) third-parties/competitors, and/or a combination of these practices;

g.      Southern Glazer would not engage in conduct which it knew and/or had reason to know would increase class members' tax liabilities to state and/or federal taxing authorities;

h.      Southern Glazer would not engage in conduct which it knew and/or had reason to know would cause class members to misstate their tax liabilities in tax returns and/or internal documents (e.g., profit & loss statements);

i.      Southern Glazer would not engage in conduct which it knew and/or had reason to know would require class members to re-state/correct tax returns and/or correct internal documents, and incur legal and/or accounting fees in doing so;

j.      Southern Glazer would not demand that class members purchase certain amounts of liquor, or specific varieties of liquor, at the risk of class members' alcohol supply being cut off;

k.      Southern Glazer would comply with 4 CCR §17 and provide class members with an invoice for every transaction containing, *inter alia*, name and address of the purchaser, the type and quantity of liquor ordered, the cost to the purchaser and method of payment, the date of sale and invoice number. Indeed, this expectation of class members was predictable to Southern Glazer given that Southern Glazer knew and/or had reason to know that class members commonly relied on such invoices to determine the type and quantity of liquor received/purchased and determine their business' tax liabilities.

**Southern Glazer's Violations of Law**

50.      Representative Plaintiff and members of both classes entered into contracts with Southern Glazer reasonably relying on Southern Glazer to honor these duties and obligations.

51.      In breach of these duties, warranties, express and/or implied promises, and contrary to the reasonable expectations of class members, Southern Glazer committed various unlawful and/or unfair business practices, including, but not necessarily limited to:

a.      Adding so-called authorized purchasers on Representative Plaintiff's and class members' Direct Warehouse Sales Authorization to Purchase Forms, without their knowledge or consent;

b.      Leading Representative Plaintiff and members of both classes to misreport their tax obligations to state and/or federal taxing authorities;

c.      Compelling Representative Plaintiff and members of both classes to re-state their tax obligations for prior tax cycles to state and/or federal taxing authorities, and to incur time and expense in retaining legal and financial professionals therefor;

d. Selling liquor to bars/restaurants/clubs that do not possess liquor licenses using Representative Plaintiff's and class members' liquor license numbers and/or their Southern Glazer account numbers;

e. Singling out customers who pay C.O.D. and/or are known to maintain poor accounting practices (e.g., for "ghost shipping" practices);

f. Selling liquor to third-parties on Representative Plaintiff's and class members' accounts at lower prices than to legitimate/licensed purchasers;

g. Selling liquor to different parties at different prices, in violation of federal alcohol regulations and state and/or federal law;

h. Permitting its officers, managers, agents and/or other employees to purchase liquor on Representative Plaintiff's and class members' licenses/accounts, using cash and/or charging class members for the liquor, then storing (i.e., not delivering it) in order to meet quotas (and in violation of 4 CCR §76);

i. Permitting its officers, managers, agents and/or other employees to give away liquor, by pricing such at $.01;

j. Permitting its officers, managers, agents and/or other employees to give away liquor by printing sample labels for full regular-sized bottles;

k. Permitting its officers, managers, agents and/or other employees to purchase liquor using class members' liquor license numbers and/or their Southern Glazer account numbers, temporarily store the liquor (in violation of 4 CCR §76), then returning the liquor later, in order to meet quotas, oftentimes without refunding the money;

l. Using so-called "A Forms" (which lack bar codes and invoice numbers and are, thus, nearly impossible to locate) to facilitate liquor transactions, in violation of 4 CCR §17;

m. Not providing annual invoices, unless requested, in order to conceal the practices cited herein;

n. Permitting its officers, managers, agents and/or other employees to purchase liquor "off-invoice";

o. Permitting its officers, managers, agents and/or other employees to sell "off-invoice" liquor to retailers without licenses, or to retailers who will then resell the liquor to other retailers, in violation of state and/or federal law;

p. Permitting its officers, managers, agents and/or other employees to sell "off-invoice" liquor to private individuals, in violation of state and/or federal law;

q. Threatening to cut off supplies to customers who do not buy a sufficient quantity of liquor, or liquor of select varieties;

r. Refusing to sell products to class members without them purchasing "tie-ins" (other types of liquor than those the customer wishes to purchase);

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

s.  Giving kickbacks, free samples and other unlawful incentives to restaurants/retailers (in violation of, *inter alia*, 4 CCR §106), in order to keep them from reporting the violations specified above;

t.  Working and/or conspiring with third-parties to allow for the unfair/unlawful practices above and below;

u.  Ignoring complaints from sales representatives and/or retailers about the unfair and unlawful business practices detailed herein.

52.  Representative Plaintiff is informed and believes and, on that basis, alleges that Southern Glazer has actual and/or constructive knowledge of all of the practices listed above, and that it willfully permitted them to continue in order to meet quotas (and, thus, maintain its business relationships with producers) and increase profits, in violation of state and/or federal law.

53.  Representative Plaintiff is informed and believes and, therefore, alleges that many (if not all) of Southern Glazer's practices listed above and throughout this Complaint have a substantial impact on interstate commerce.

**Southern Glazer Benefits from its Fraud**

54.  Through its unscrupulous, unethical and unlawful schemes detailed herein, Southern Glazer has enjoyed increased revenues, profitability and market share from its larger volume of sales. These practices have given Southern Glazer an unfair competitive advantage over its competition with a resultant disadvantage to the public and class members.

55.  Not only did these schemes serve to directly increase Southern Glazer's profits, the schemes served to secure highly-desirable and highly-profitable supply relationships. Specifically, through its wrongdoing, Southern Glazer has successfully obtained the exclusive right to distribute particular alcohol brands, to the detriment of class members and to Southern Glazer's competitors.

56.  It is common practice in the alcohol industry for an alcohol manufacturer (tier 1) to designate only one wholesaler (tier 2) per geographic area—that designation generally being made based on the level of sales achieved by the particular wholesaler. Once chosen, alcohol retailers (tier 3) are forced to buy that manufacturer's product(s) exclusively through its chosen wholesaler, or not buy it/them at all.

57.  Such exclusive contracts are extremely valuable to wholesaler distributors for a variety of reasons, the most obvious being that these contracts virtually guarantee future orders for

that distributor from retailers in that geographic area. Once acquired, these wholesalers have a tremendous profit motive to keep them. This is particularly so in the case of highly-demanded liquors.

58.     During the class period, Southern Glazer enjoyed numerous exclusive contracts with alcohol manufacturers/producers, with a resultantly larger client base, more orders therefrom, and higher profitability.

**FIRST CLAIM FOR RELIEF**
**PROMISSORY FRAUD**
**CAL. CIV. CODE, §1710**
*(for the California Class Only)*

59.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

60.     By entering into the Agreement, Southern Glazer made a promise to Representative Plaintiff and members of both classes regarding a material fact without any intention of performing it, namely, Southern Glazer promised that it would store private customer information in accordance with law and reasonable business practices, and would not disclose private customer information except under three limited circumstances: (1) unless required by law; (2)  to verify continuing financial stability; and/or (3) in an effort or action to collect an unpaid debt to Southern Glazer.

61.     In making that promise, and at all times before, at, and after the time of making the promise, Southern Glazer secretly harbored the intent not to perform its promise to store private customer information in accordance with law and reasonable business practices and not to disclose private customer information except under three limited circumstances.

62.     In making that promise, and at all times before, at, and after the time of making the promise, Southern Glazer secretly harbored the intent to deceive Representative Plaintiff and members of both classes to enter into the Agreement.

63.     Representative Plaintiff and members of both classes were fraudulently induced to enter into the Agreement based upon Southern Glazer's promise to store private customer

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   information in accordance with law and reasonable business practices and not to disclose private

2   customer information except under three limited circumstances.

3       64.    Representative Plaintiff and members of both classes reasonably relied on the

4   promise made by Southern Glazer under the Agreement.

5       65.    Despite its promise, Southern Glazer did not store customer information in

6   accordance with law and reasonable business practices and disclosed private customer information

7   for reasons other than the three limited circumstances set forth in the Agreement.

8       66.    By disclosing the customer account numbers of Representative Plaintiff and

9   member of both classes to third-parties to facilitate transactions to the detriment and without the

10  knowledge or consent of class members, as well as engaging in transactions using said accounts

11  for Southern Glazer's own benefits, Plaintiff and members of both classes have suffered and

12  continue to suffer economic losses and other general and specific damages.

13      67.    The reliance on these promises by Representative Plaintiff and members of both

14  classes was a substantial factor in causing the harm described herein.

15

16          **SECOND CLAIM FOR RELIEF**
            **BELOW COST SALES**
17  **VIOLATIONS OF CAL. BUS. & PROF. CODE §17043**
            *(for the California Class Only)*

18

19      68.    Representative Plaintiff incorporates in this cause of action every allegation of the

20  preceding paragraphs, with the same force and effect as though fully set forth herein.

21      69.    As alleged herein, Southern Glazer intentionally engaged in unlawful below cost

22  sales, including offering to sell, selling, and/or giving away liquor products at a price below cost.

23  Such practices also run afoul of 4 CCR §106.

24      70.    The liquor products offered, sold, and/or given away were the same as those

25  normally sold in Southern Glazer's regular course of business and were not sample sizes or new

26  products (i.e. products Representative Plaintiff had not previously purchased).

27      71.    Southern Glazer's below cost sales were made in bad faith.

28

72.     Southern Glazer's sole purpose in engaging in the conduct detailed herein was to achieve maximum profitability and market share through damaging and/or destroying competition, through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing.

73.     In engaging in these unlawful business practices, Southern Glazer has enjoyed an advantage over its competition and a resultant disadvantage to the public and California class members.

74.     Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiff and members of the California class.

75.     As a direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

76.     Representative Plaintiff and members of the California class are entitled to an injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and treble the damages sufficient to correct the harm Representative Plaintiff and California class members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**LOSS LEADER SALES**
**VIOLATIONS OF CAL. BUS. & PROF. CODE §17044**
*(for the California Class Only)*

77.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

78.    As alleged herein, Southern Glazer intentionally engaged in unlawful below cost sales, including offering to sell, selling, and/or giving away liquor products at a price below cost.

79.    In doing so, Southern Glazer's purpose was to encourage the purchase of other products and/or to deprive business from or otherwise injure competitors.

80.    Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiff and members of the California class.

81.    As a direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

82.    Representative Plaintiff and members of the California class are entitled to an injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and treble the damages sufficient to correct the harm Representative Plaintiff and California class members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**SECRET REBATES**
**VIOLATIONS OF CAL. BUS. & PROF. CODE §17045**
*(for the California Class Only)*

83.    Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

84.    As alleged herein, Southern Glazer secretly gave payments, rebates, refunds, commissions, and/or unearned discounts to some buyers that were not offered or given to other buyers on like terms.

85.    Such conduct has a tendency to destroy competition.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

86.     Southern Glazer's sole purpose in engaging in the conduct detailed herein was to achieve maximum profitability and market share through damaging and/or destroying competition, through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing.

87.     In engaging in these unlawful business practices, Southern Glazer has enjoyed an advantage over its competition and a resultant disadvantage to the public and California class members.

88.     Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiff and members of the California class.

89.     As a direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

90.     Representative Plaintiff and members of the California class are entitled to an injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and treble the damages sufficient to correct the harm Representative Plaintiff and California class members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### UNLAWFUL THREATS & INTIMIDATION
### VIOLATIONS OF CAL. BUS. & PROF. CODE §17046
*(for the California Class Only)*

91.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

92.     As alleged herein, Southern Glazer threatened and/or otherwise intimidated Representative Plaintiff and members of the California class to effectuate provision of liquor products below cost in violation of Cal. Bus. & Prof Code sections 17043, 17044, and 17045.

93.     Such conduct has a tendency to destroy competition.

94.     Southern Glazer's sole purpose in engaging in the conduct detailed herein was to achieve maximum profitability and market share through damaging and/or destroying competition, through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing.

95.     In engaging in these unlawful business practices, Southern Glazer has enjoyed an advantage over its competition and a resultant disadvantage to the public and California class members.

96.     Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiff and members of the California class.

97.     As a direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

98.     Representative Plaintiff and members of the California class are entitled to an injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and treble the damages sufficient to correct the harm Representative Plaintiff and California class members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**SIXTH CLAIM FOR RELIEF**
**CONSTRUCTIVE TRUST**
**VIOLATIONS OF CAL. CIV. CODE §2223 *ET. SEQ***
*(for the California Class Only)*

99.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

100.     Southern Glazer, by fraud, undue influence, and other unlawful acts, gained profits to which Representative Plaintiff and members of the California class are otherwise entitled, thus rendering it an involuntary trustee of such ill-gotten gains.

101.     Southern Glazer has no legal or equitable right, claim, or interest to such property and profits. Therefore, it has a duty to convey these ill-gotten gains to Representative Plaintiff and members of the California class forthwith.

**SEVENTH CLAIM FOR RELIEF**
**BREACH OF FIDUCIARY DUTY**
*(for the California and Nationwide Classes)*

102.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

103.     Southern Glazer was a constructive trustee for Representative Plaintiff and members of the California class.

104.     Southern Glazer purported to act on behalf of Representative Plaintiff and members of the California class in making purchases of liquor using Representative Plaintiff's (and class members') liquor license/account.

105.     In doing so, Southern Glazer failed to act a reasonably careful trustee/partner would have under similar circumstances.

106.     Southern Glazer used Representative Plaintiff's and members of both classes' property for its own benefit and communicated said information to third-parties, at which time, these third-parties, with Southern Glazer's knowledge and approval, used that confidential information to purchase liquor on class members' liquor licenses/accounts.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

107. Representative Plaintiff and members of both classes did not give informed consent to Southern Glazer's conduct.

108. Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiff and members of both classes.

109. As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

110. As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

111. Moreover, at all times herein mentioned, Southern Glazer intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiff and members of both classes, and because Southern Glazer was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiff and members of both classes are entitled to an award of exemplary or punitive damages against Southern Glazer in an amount adequate to deter such conduct in the future.

## EIGHTH CLAIM FOR RELIEF
### COMMON LAW FRAUD
*(for the California and Nationwide Classes)*

112. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

113. Southern Glazer willfully, falsely, and knowingly misrepresented material facts relating to the manner in which it would use class members' license/account numbers, failing to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   provide adequate protection and confidentiality regarding this and/or other identifying

2   information, and disclosing/supplying confidential information to third-parties to facilitate

3   transactions to the detriment and without the knowledge or consent of class members, as well as

4   engaging in transactions using said accounts for Southern Glazer's own benefits. The prohibition

5   against such conduct is expressed and/or implied in the common contract between the parties.

6       114.    Southern Glazer intended that Representative Plaintiff and members of both classes

7   rely on said misrepresentations in order to induce them to do business with Southern Glazer.

8       115.    The conduct of Southern Glazer constitutes fraud against Representative Plaintiff

9   and members of both classes. Southern Glazer, directly and/or through its agents and employees,

10  made false representations to Representative Plaintiff and members of both classes that were likely

11  to deceive Representative Plaintiff and class members. Representative Plaintiff and the members

12  of both classes were misled by these false representations in purchasing goods and/or services from

13  Southern Glazer and/or entering into and/or maintaining agreements therewith.

14      116.    Representative Plaintiff and members of both classes reasonably relied on said

15  misrepresentation by doing business with Southern Glazer, and suffered harm in that they incurred

16  tax liabilities for purchases made on their liquor accounts/licenses without their knowledge or

17  consent.

18      117.    Representative Plaintiff's and members of both classes' reliance on said

19  misrepresentations was the sole cause of his/their suffering/harm.

20      118.    As a further direct and proximate result of Southern Glazer's actions,

21  Representative Plaintiff and members of both classes have suffered and continue to suffer

22  economic losses and other general and specific damages, including, but not limited to the monies

23  paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that

24  would have accrued on those monies, and by being subjected to unfair business practices and unfair

25  competition which, in turn, lowered class members' profitability, all in an amount to be proven at

26  trial.

27      119.    Moreover, at all times herein mentioned, Southern Glazer intended to cause or acted

28  with reckless disregard of the probability of causing damage to Representative Plaintiff and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   members of both classes, and because Southern Glazer was guilty of oppressive, fraudulent and/or

2   malicious conduct, Representative Plaintiff and members of both classes are entitled to an award

3   of exemplary or punitive damages against Southern Glazer in an amount adequate to deter such

4   conduct in the future.

5

6   ### NINTH CLAIM FOR RELIEF

    **UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**

7   **CAL. BUS. & PROF. CODE, §17200, *ET SEQ.***

    *(for the California Class Only)*

8

9   120.    Representative Plaintiff incorporates in this cause of action every allegation of the

10  preceding paragraphs, with the same force and effect as though fully set forth herein.

11  121.    Representative Plaintiff and members of the California class further bring this cause

12  of action, seeking equitable and statutory relief to stop the misconduct of Southern Glazer, as

13  complained of herein, and seeking restitution from Southern Glazer for the unfair, unlawful and

14  fraudulent business practices described herein.

15  122.    The knowing conduct of Southern Glazer, as alleged herein, constitutes an unlawful

16  and/or fraudulent business practice, as set forth in California Business & Professions Code

17  §§17200-17208. Specifically, Southern Glazer conducted business activities while failing to

18  comply with the legal mandates cited herein. Such violations include but are not necessarily limited

19  to damaging and/or destroying competition through manipulative and/or high pressure sales,

20  incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and

21  sales methods, deceptive business practices, and modifying, concealing and/or destroying

22  evidence of its wrongdoing in violation of, *inter alia*, 4 CCR §§17, 52, 76, 106, the three-tier

23  system codified under 27 U.S.C. §205, the Sherman Antitrust Act (15 U.S.C. §1, *et seq.*), the

24  Robinson-Patman Act (15 U.S.C. §13), Cal. Bus. & Prof. Code §§17043, *et seq.*, 23501, and

25  23985, *et seq.*), Cal. Civ. Code §1572 and 1714.

26  123.    Moreover, in engaging in these unlawful business practices, Southern Glazer has

27  enjoyed an advantage over its competition and a resultant disadvantage to the public and class

28  members.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

124. Southern Glazer's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Southern Glazer's competitors, engenders an unfair competitive advantage for Southern Glazer, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

125. Southern Glazer has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and members of the California class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Southern Glazer and as set forth in legislation and the judicial record.

126. Representative Plaintiff and members of the California class request that this Court enter such orders or judgments as may be necessary to enjoin Southern Glazer from continuing its unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiff and members of the California class any money Southern Glazer acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §17200, *et seq.*; and for such other relief set forth below.

### TENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
*(for the California and Nationwide Classes)*

127. Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

128. During the limitations period, Representative Plaintiff and members of both classes entered into valid contracts, supported by sufficient consideration, as referenced above, pursuant to which Southern Glazer was obligated not to disclose confidential information that was included on Representative Plaintiff's credit and other applications, such as their account numbers, and to only sell liquor on class members' accounts to authorized agents thereof.

129. Representative Plaintiff and members of both classes performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

130.     Despite the foregoing, Southern Glazer materially breached its contracts with Representative Plaintiff and members of both classes by disclosing their confidential information (such as account numbers) to third-parties, with the intent of then selling liquor to the third-parties on said licenses, and/or actually sold liquor to third-parties using the account numbers and liquor licenses of Representative Plaintiff and members of both classes, and/or purchased alcohol using class members' account numbers and liquor licenses in order to make quotas, all without class members' knowledge and consent.

131.     As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

132.     As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

### ELEVENTH CLAIM FOR RELIEF
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
*(for the California and Nationwide Classes)*

133.     Representative Plaintiff incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

134.     Representative Plaintiff and members of both classes entered into valid contracts, supported by sufficient consideration, as referenced above, pursuant to which Southern Glazer was obligated, *inter alia*, not to disclose confidential information that was included on class members' credit and other applications, such as their account numbers, and to only sell liquor on class members' accounts to authorized agents thereof.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

135. Representative Plaintiff and members of both classes performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

136. These agreements contained an implied covenant of good faith and fair dealing, which obligated Southern Glazer to perform the terms and conditions of the above-described agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Representative Plaintiff and members of both classes from performing any or all of the conditions of the contract that he/they agreed to perform, or any act that would deprive class members of any of the benefits of the contract.

137. In breach of said duties, Southern Glazer unfairly deprived Representative Plaintiff and members of both classes of the intended benefits of their contracts with Southern Glazer, by giving away confidential information, and allowing purchases to be made on class members' accounts/licenses without the knowledge or consent of class members.

138. In further breach of said duties, Southern Glazer deprived Representative Plaintiff and members of both classes of the intended benefits of their contracts with Southern Glazer by creating a risk that class members would lose their licenses and/or be exposed to tax liabilities for liquor they never purchased.

139. Southern Glazer breached its implied covenant of good faith by unfairly interfering with class members' right to receive the intended benefits of their contracts with Southern Glazer.

140. As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiff and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## REQUEST FOR RELIEF

**WHEREFORE**, the Representative Plaintiff, on behalf of himself and each member of members of the proposed Nationwide Class and the California Subclass, respectfully request that the Court enter judgment in their favor and for the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.      That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel as Class Counsel;

2.      That Defendants be found to have breached their contracts with Representative Plaintiff and members of both classes;

3.      That Defendants be found to have made fraudulent and/or negligent misrepresentations to Representative Plaintiff and members of both classes;

4.      For an award to Representative Plaintiff and members of both classes of compensatory damages in an amount to be proven at trial;

5.      That Defendants be found to have violated 18 U.S.C. §§1961-1968 with regard to the Representative Plaintiff and members of both classes;

6.      That Defendants be found to have violated Cal. Civ. Code §1572, §1714, and California Business & Professions Code §17000 *et seq.* and 17200 *et seq.*, with regard to the Representative Plaintiff and members of the California subclass;

7.      That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in further violation of California Business and Professions Code §17000 *et seq.* and 17200, *et seq.*;

8.      For an award of restitution and disgorgement of Defendants' excessive and ill-gotten revenues to Representative Plaintiff and members of the California class;

9.      For a declaration that any and all tax obligations of class members to state and/or federal taxing authorities resulting from Defendants' deceptive, misleading, unfair and unlawful

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

conduct are properly Defendants' financial obligations. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

10.    For an Order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Defendants as a result of the unfair, misleading, fraudulent, and unlawful conduct alleged herein;

11.    For an Accounting of all transactions conducted between (a) Representative Plaintiff and members of both classes, on the one hand, and Defendants, on the other hand, and (b) Southern Glazer, on the one hand, and unlicensed third-parties to whom Southern Glazer has (i) sold and/or distributed alcohol and/or (ii) provided alcohol free of charge on the other hand, within the limitations period;

12.    For punitive and exemplary damages in an amount appropriate and sufficient to punish Defendants, and each of them, and deter others from engaging in similar misconduct in the future;

13.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

14.    For an award of reasonable attorneys' fees, pursuant to California Code of Civil Procedure §1021.5 and/or California Civil Code §§1780 (d) and 1794 (d);

15.    For costs of suit and any and all other such relief as the Court deems just and proper;

16.    For all other Orders, findings, and determinations identified and sought in this Complaint.

## **JURY DEMAND**

Representative Plaintiff and members of each of the Plaintiff classes hereby demand trial by jury on all issues triable of right by jury.

Dated: September 5, 2017          **SCOTT COLE & ASSOCIATES, APC**


                                By:    /s/ Scott Edward Cole
                                       Scott Edward Cole, Esq.
                                       Attorneys for Representative Plaintiff
                                       and the Representative Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800