1  Scott Edward Cole, Esq. (S.B. #160744)
   Corey Benjamin Bennett, Esq. (S.B. #267816)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email: scole@scalaw.com
5  Email: cbennett@scalaw.com
   Web:   www.scalaw.com
6
   Kelley Gelini, Esq. (S.B. #160698)
7  Wesley Wakeford, Esq. (S.B. #224801)
   **WAKEFORD GELINI**
8  275 Battery, Suite 1300
   San Francisco, California 94111
9  Telephone: (415) 578-3510
   Facsimile:  (415) 294-2890
10 Email: wes@wakefordlaw.com
   Email: kelley@wakefordlaw.com
11 Web:   www.wakefordlaw.com

12 Attorneys for Representative Plaintiffs
   and the Plaintiff Class(es)
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                    SAN JOSE DIVISION

17

18 ARENA RESTAURANT AND            )  Case No. 5:17-CV-03805-LHK
   LOUNGE LLC, PACIFICA            )
19 RESTAURANTS, LLC, VINE AND      )
   BARREL LLC, DANIEL FLORES,      )  **CLASS ACTION**
20 individually, and on behalf of all others )
   similarly situated,             )  **SECOND AMENDED COMPLAINT FOR**
21                                 )  **DAMAGES, RESTITUTION, AND**
                    Plaintiffs,    )  **INJUNCTIVE/EQUITABLE RELIEF**
22                                 )
   vs.                             )
23                                 )
   SOUTHERN GLAZER GLAZER'S        )  *JURY TRIAL DEMANDED*
24 WINE AND SPIRITS, LLC,          )
   SOUTHERN GLAZER WINE &          )
25 SPIRITS OF AMERICA, INC.,       )
                                   )
26                Defendants.      )
                                   )
27 _____  )

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Representative Plaintiffs allege as follows:

## **INTRODUCTION**

1.      This is a class action brought by Representative Plaintiffs on behalf of themselves as well as on behalf of California and national classes of all entities/persons who maintained an open account with Defendants and/or any of them (hereinafter "Southern Glazer," "Defendant," and/or "Defendants") at any time during, at least, the last four years (the "limitations period").

2.      Representative Plaintiffs, on behalf of themselves and members of the respective classes (hereinafter "class members" in one or more of the classes identified herein), seek damages, interest thereon, restitution, injunctive and other equitable relief, reasonable attorneys' fees and costs and disgorgement of all benefits Southern Glazer has enjoyed from its numerous unlawful and/or deceptive business practices, as detailed herein.

3.      Representative Plaintiffs assert that Southern Glazer knowingly engaged in unfair, unlawful, deceptive, and fraudulent business practices vis-à-vis a common sales and distribution scheme that runs afoul of a multitude of California state and federal unfair competition laws and fraud protection statutes. Although more fully set forth below, this unlawful scheme entailed using class members' account numbers to make unauthorized purchases for third-parties without class members' knowledge or consent, creating tax liabilities for class members and/or otherwise threatening class members' liquor licenses and business operations.

4.      Representative Plaintiffs assert that, during the limitations period, Southern Glazer had, and continues to have, a consistent policy of permitting, encouraging and/or allowing its officers, managers, agents and/or other employees to purchase alcohol on the accounts/licenses of class members, without their knowledge or consent, and/or to provide their account/license numbers to third-parties, who then purchase alcohol by assuming class members' business identities, without class members' knowledge or consent.

5.      Representative Plaintiffs allege that Southern Glazer offered, and continues to offer, secret rebates, gifts, and samples; engage in collusive, inequitable pricing and sales tactics,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    and otherwise use practices, threats, and intimidation to effectuate activities in violation of state

2    and federal alcohol regulations and unfair competition statutes.

3        6.       Southern Glazer's unlawful scheme also includes (1) permitting its own officers,

4    managers, agents and/or other employees to purchase liquor on class members' accounts, using

5    cash, and then storing the liquor in order to meet sales quotas, (2) engendering unfair competition

6    through "tying" practices, (3) permitting its officers, managers, agents and/or other employees to

7    purchase liquor on class members' accounts, who then temporarily store the liquor, returning it

8    later, in order to meet quotas, but without refunding the money, (4) falsifying sales documentation

9    to avoid scrutiny for Southern Glazer's unlawful schemes, and (5) ignoring complaints from and/or

10    unlawfully pressuring retailers about the unfair and unlawful business practices detailed in this

11    pleading, including threatening to cut off supply to customers/retailers. These practices are

12    widespread and unlawful.

13        7.       Southern Glazer's unlawful scheme aims to enhance profits and maintain its near-

14    monopoly position in the liquor distribution industry.

## JURISDICTION AND VENUE

16        8.       Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction)

17    and/or 28 U.S.C. §1331 (controversy arising under United States law). Supplemental jurisdiction

18    to adjudicate issues pertaining to California state law is proper in this Court under 28 U.S.C. §1367.

19        9.       Venue is proper in this Court under 28 U.S.C. § 1391 and local rule 3-2(c)

20    because the events that gave rise to Representative Plaintiffs' claims took place within the

21    Northern District of California, San Jose Division's jurisdiction, and Southern Glazer does

22    business in this Judicial District and Division.

## REPRESENTATIVE PLAINTIFFS

24       10.      Arena Restaurant and Lounge, LLC is a limited liability company located in San

25    Jose, California. It is referred to in this Complaint as "Arena" (collectively "Representative

26    Plaintiffs"). James C. Nguyen was the liquor license holder for Arena.

27       11.      Pacifica Restaurants, LLC is a limited liability company located in Del Mar,

28    California. It is referred to in this Complaint as "Pacific Restaurants" (collectively "Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiffs"). It is a general partner of Pacifica Seafood Restaurant, a limited partnership located at 73505 El Paseo Ste F2608, Palm Desert, California ("Pacifica Seafood"), and Pacifica Cliffhouse, a limited partnership located at 78250 Highway 111, La Quinta, California ("Pacifica Cliffhouse"). Both Pacifica Seafood and Pacifica Cliffhouse are liquor license holders.

12.     Vine and Barrel, LLC is a limited liability company located in Petaluma, California. It is referred to in this Complaint as "Vine and Barrel" (collectively "Representative Plaintiffs"). Jason Jenkins was the liquor license holder for Vine and Barrel.

13.     Room Service Fine Food & Liquor is located in San Francisco, California. Daniel Flores was the owner and liquor license holder for Room Service Fine Food & Liquor. He sold the business in June 2017 and is currently in the process of transferring the liquor license. He is referred to in this Complaint as "Flores" (collectively "Representative Plaintiffs").

14.     During the relevant time period, Representative Plaintiffs had accounts with Southern Glazer, wherein they and authorized agents thereof were permitted to purchase liquor from Southern Glazer using Representative Plaintiffs' respective liquor licenses (issued by the California Department of Alcoholic Beverage Control) and/or its Southern Glazer-issued account numbers.

15.     During the relevant time period, Representative Plaintiffs and/or their authorized agents repeatedly purchased liquor from Southern Glazer, using their respective ABC liquor licenses and/or Southern Glazer-issued account numbers.

16.     At all times relevant herein, Representative Plaintiffs were members of the Nationwide Class and the California Subclass.

17.     Representative Plaintiffs bring this action on behalf of themselves, and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

### DEFENDANTS

18.     According to Defendant's website,[1] "Glazer's Wholesale Distributors" (the predecessor to Glazer's, Inc.) was founded and began operations on or about the repeal of

---

[1] http://www.southernglazers.com/about-us/

1  Prohibition in 1933 and has, in various corporate forms, distributed/sold food, drink and tobacco

2  products on a wholesale basis in various states across the nation.

3       19.    In 1968, Southern Wine and Spirits of America, Inc. began distributing and selling

4  food, drink and tobacco products on a wholesale basis in various states across the nation, including

5  in California.

6       20.    In 2016, defendant Southern Wine & Spirits of America, Inc. merged with Glazer's,

7  Inc., to form co-defendant Southern Glazer's Wine & Spirits, LLC, which continues to serve as a

8  distributor/wholesaler of food, drink and tobacco products in various states across the nation,

9  including California. At present, California constitutes the largest state market for Defendants.

10      21.    For all purposes relevant to this litigation, defendant Southern Glazer's Wine &

11  Spirits, LLC is the successor in interest to co-defendant Southern Wine & Spirits of America, Inc.

12  and to Glazer's, Inc.

13      22.    During the class period, employees/representatives of defendants Southern

14  Glazer's Wine & Spirits, LLC and Southern Wine and Spirits of America, Inc. invoiced and/or

15  sold wine, beer, and spirits to bars, restaurants, and liquor stores on behalf of said defendants under

16  various labels and brands, including, but not limited to (1) Southern Glazer's Wine and Spirits of

17  CA North, (2) Pacific Wine and Spirits of CA North, (3) American Wine and Spirits of CA North,

18  (4) Transatlantic Wine and Spirits of CA North, (5) Southern Glazer's of CA North, (6) Southern

19  Wine & Spirits of CA, (7) Pacific Wine & Spirits of CA, (8) Coastal Wine and Spirits of CA, (9)

20  Golden State Wine and Spirits of CA, (10) American Wine and Spirits of CA, (11) Southern Wine

21  and Spirits – Union City and/or (12) Southern Wine and Spirits Northern Cal. The identity of one

22  or more of these additional entities appears on invoices sent by Southern Glazer to the

23  Representative Plaintiffs.

24      23.    Moreover, despite its unassuming presentation as a "family owned" business,

25  Southern Glazer operates and distributes more than 150 million cases of wine and spirits annually

26  to 350,000 retail and restaurant accounts across 44 States, the District of Columbia, Canada and

27  the Caribbean, through the efforts of its claimed 20,000 employees. These realities support

28  Southern Glazer's claimed status as the largest wine and spirits distributor in the United States.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

24.     Moreover, as the dominant wine and spirits distributor in this nation, Southern Glazer successfully markets, promotes, merchandises, and distributes over 5,000 brands, and represents approximately 1,600 wine, spirits, beer, and beverage suppliers, both domestic and foreign.

## TOLLING OF THE STATUTE OF LIMITATIONS

**Discovery Rule Tolling**

25.     Class members had no way of knowing about Southern Glazer's unlawful sales and distribution scheme, including Southern Glazer's deception with respect to its unauthorized use of class members' accounts. For Representative Plaintiff Arena, Southern Glazer's deception was only discovered when Arena found that it had been assessed thousands of dollars in taxes for liquor supposedly purchased, but not actually purchased, from Southern Glazer. For Representative Plaintiff Vine and Barrel, Southern Glazer's deception was discovered through examination of falsified sales invoices. Plainly, Southern Glazer was intent on expressly hiding its behavior from regulators and consumers, making this the quintessential case for tolling.

26.     Within the time period of any applicable statutes of limitations, Representative Plaintiffs and members of the proposed classes could not have discovered, through the exercise of reasonable diligence, that Southern Glazer was concealing the unlawful conduct detailed herein.

27.     Representative Plaintiffs and members of the proposed classes did not discover, and did not know of facts that would have caused a reasonable person to suspect, that Southern Glazer was abusing class members' accounts; nor would a reasonable and diligent investigation have disclosed that Southern Glazer was disclosing confidential information to third-parties, and facilitating unlawful transactions using class members' accounts, which was discovered by Representative Plaintiffs only shortly before this action was filed.

28.     Nor, in any event, would such an investigation on the part of Representative Plaintiffs and other class members have disclosed that Southern Glazer valued profits over compliance with federal and state law, or over the trust Representative Plaintiffs and other class members had placed in Defendants' representations, or of Southern Glazer's scheme to meet

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    quotas and secure business with particular manufacturers/producers by facilitating unlawful sales,

2    "samples," and/or outright gifts of liquor.

3        29.    For all these reasons, all applicable statutes of limitations have been tolled by

4    operation of the discovery rule.

5    **Fraudulent Concealment Tolling**

6        30.    All applicable statutes of limitations have also been tolled by Southern Glazer's

7    knowing and active fraudulent concealment and denial of the facts alleged herein throughout the

8    time period relevant to this action.

9        31.    Instead of disclosing its account information disclosure scheme, or that it was

10   making unauthorized sales using class members' liquor licenses, and of its disregard in various

11   other respects of federal and state law, Southern Glazer falsely represented that its practices

12   complied with federal and state standards governing the liquor industry and fair competition within

13   interstate commerce, generally, and that it was a reputable wholesaler whose representations could

14   be trusted.

15                        **CLASS ACTION ALLEGATIONS**

16       32.    Representative Plaintiffs bring this action pursuant to the provisions of Rules 23(a),

17   (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following

18   class and subclass(es) (collectively, the "classes"):

19   California Class:
     "All persons/entities, within the State of California, who had an account with
20   Southern Glazer Glazer's Wine & Spirits, LLC and/or Southern Glazer Wine &
     Spirits of America, Inc. within the applicable time period."
21

22   National Class:
     "All persons/entities, within the United States of America, who had an account with
23   Southern Glazer Glazer's Wine & Spirits, LLC and/or Southern Glazer Wine &
     Spirits of America, Inc. within the applicable time period."
24

25       33.    Defendants, and their officers, directors and employees are excluded from each of

26   the Plaintiff classes.

27       34.    This action has been brought and may properly be maintained as a class action

28   under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

interest in the litigation and membership in the proposed classes is easily ascertainable:

a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff classes are so numerous that joinder of all members is impractical, if not impossible. Insofar as Southern Glazer's website claims that it employs over 20,000 team members, and distributes more than 150 million cases of wine and spirits annually to 350,000 retail and restaurant accounts, Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of class members is in the tens or even hundreds of thousands of individuals/entities. Membership in the classes will be determined by analysis of Southern Glazer's open-account lists/business records.

b.    <u>Commonality</u>: The Representative Plaintiffs and the class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1)    Whether Southern Glazer had a practice of providing class members' account/license numbers to third-parties;

2)    Whether Southern Glazer or its officers, managers, agents and/or other employees purchased liquor on class members' accounts, without their knowledge or consent, then failed to deliver said liquor to class members, or provide invoices documenting said transaction(s);

3)    Whether Southern Glazer allowed third-parties to purchase liquor on class members' accounts, without their knowledge or consent, then failed to deliver said liquor to class members, or provide invoices documenting said transaction(s);

4)    Whether Southern Glazer's practices constitute fraud and/or a pattern of fraudulent activity;

5)    Whether Southern Glazer's practices constitute breach(es) of contract and/or fiduciary duties;

6)    Whether Southern Glazer violated California Business and Professions Code §§ 17000, *et seq.*, by engaging in below cost sales, using loss leaders, gifts, secret rebates, unearned discounts, and using threats or intimidation to effectuate such violations in order to injure competitors or destroy competition;

7)    Whether Southern Glazer violated California Business and Professions Code §§17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

8)    Whether Southern Glazer was unjustly enriched by, *inter alia*, allowing/permitting use of class members' account numbers and/or liquor licenses by third-parties, engaging in practices which

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

engender unfair competition and/or other practices which threaten interstate commerce;

9)   Whether injunctive, corrective and/or declaratory relief and/or an accounting is appropriate;

10)   Whether Southern Glazer's conduct rises to the level sufficient to warrant an award of punitive damages.

c.   <u>Typicality</u>: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff classes. Representative Plaintiffs and all members of the Plaintiff classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.   <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action is an adequate representative of each of the Plaintiff classes in that the Representative Plaintiffs have the same interest in the litigation of this case as the class members, is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in conducting litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other class members or the classes in their entirety. The Representative Plaintiffs anticipate no management difficulties in this litigation.

e.   <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

### Post-Prohibition History of the Nation's Liquor Industry

35.   Passage of the 18th Amendment to the Constitution in 1919 and the ushering in of Prohibition represented one of the darker periods in American history. While considered the crowning achievement of the Temperance movement (the social movement against the consumption of alcoholic beverages), crime rates and corruption soared under Prohibition and its resultant, often violent, black market for alcohol. These effects, coupled with what many historians cite as a likely *increase* in alcohol consumption during that period, Congress' proposal to overturn

1   Prohibition through passage of a 21st Amendment to the Constitution was overwhelmingly ratified

2   by various state conventions in 1933.

3        36.    The Federal Alcohol Administration Act (27 U.S.C. § 201, *et seq.*) was enacted in

4   1935 to establish a regulatory scheme for the liquor industry.

5        37.    While, among other features, the 21st Amendment granted to States the right to

6   maintain their own effective and uniform systems for controlling liquor transportation, importation

7   and use, the Amendment did not give States the right to pass *nonuniform* laws that either

8   discriminated against out-of-state goods or functioned in discordance with what is commonly

9   referred to as the "three-tier system." (aka, "tied house" rules).

10        38.    For example, 27 U.S.C. § 205 sets forth "tied house" provisions and defines unfair

11   competition and unlawful practices as:

12   (b) "Tied house". To induce through any of the following means, any retailer,

13   engaged in the sale of distilled spirits, wine, or malt beverages, to purchase any

14   such products from such person to the exclusion in whole or in part of distilled

15   spirits, wine, or malt beverages sold or offered for sale by other persons in interstate

16   or foreign commerce, if such inducement is made in the course of interstate or

17   foreign commerce, or if such person engages in the practice of using such means,

18   or any of them, to such an extent as substantially to restrain or prevent transactions

19   in interstate or foreign commerce in any such products, or if the direct effect of such

20   inducement is to prevent, deter, hinder, or restrict other persons from selling or

21   offering for sale any such products to such retailer in interstate or foreign

22   commerce: (1) By acquiring or holding (after the expiration of any existing license)

23   any interest in any license with respect to the premises of the retailer; or (2) by

24   acquiring any interest in real or personal property owned, occupied, or used by the

25   retailer in the conduct of his business; or (3) by furnishing, giving, renting, lending,

26   or selling to the retailer, any equipment, fixtures, signs, supplies, money, services,

27   or other thing of value, subject to such exceptions as the Secretary of the Treasury

28   shall by regulation prescribe, having due regard for public health, the quantity and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

value of articles involved, established trade customs not contrary to the public interest and the purposes of this subsection; or (4) by paying or crediting the retailer for any advertising, display, or distribution service; or (5) by guaranteeing any loan or the repayment of any financial obligation of the retailer; or (6) by extending to the retailer credit for a period in excess of the credit period usual and customary to the industry for the particular class of transactions, as ascertained by the Secretary of the Treasury and prescribed by regulations by him; or (7) by requiring the retailer to take and dispose of a certain quota of any of such products.

(c) Commercial bribery. To induce through any of the following means, any trade buyer engaged in the sale of distilled spirits, wine, or malt beverages, to purchase any such products from such person to the exclusion in whole or in part of distilled spirits, wine, or malt beverages sold or offered for sale by other persons in interstate or foreign commerce, if such inducement is made in the course of interstate or foreign commerce, or if such person engages in the practice of using such means, or any of them, to such an extent as substantially to restrain or prevent transactions in interstate or foreign commerce in any such products, or if the direct effect of such inducement is to prevent, deter, hinder, or restrict other persons from selling or offering for sale any such products to such trade buyer in interstate or foreign commerce: (1) By commercial bribery; or (2) by offering or giving any bonus, premium, or compensation to any officer, or employee, or representative of the trade buyer […]

39.     Fundamentally, the three-tier system provides that (1) producers cannot either wholesale or retail alcohol, (2) wholesalers cannot be producers or retailers, and (3) retailers cannot wholesale or produce alcohol. Under the three-tier system, manufacturers (tier 1) sell to licensed importers, distributors and control boards. Federal Excise Taxes are collected when goods leave the premises of the manufacturer or the bonded facilities of an importer. Licensed importers and distributors (tier 2) act in cooperation with the federal and state governments; they help ensure that alcohol beverage taxes are reliably collected. The prohibition against tier 2 entities owning or

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   operating retailers (those at tier 3), ensures that suppliers cannot coerce retailers to favor their

2   brands. Moreover, importers, distributors and control boards are only allowed to sell to licensed

3   retailers. Licensed outlets like liquor stores, bars or restaurants (tier 3) ensure that alcohol is sold

4   to those who are of legal age to purchase it. Acting like a safety net, this three-tier regulatory

5   system provides for "checks and balances" to the way alcohol is distributed and sold throughout

6   the system, from one licensed tier to another. These tied house rules dictate that no individual or

7   entity (except the state regulator itself) is allowed to own and operate more than one tier of the

8   system.

9        40.    Indeed, California statutory authority supports these tied house rules. Specifically,

10   Cal. Bus. & Prof. Code § 23501 declares, *inter alia*, that:

> (a) The regulation and licensing of the sale of alcoholic beverages in this
> state has operated for over 80 years under what is commonly referred to as
> the "three-tier system," which generally prohibits vertical integration within
> the distilled spirits industry. This system has helped in protecting against
> undue marketing influences within the distilled spirits industry and assisted
> the goals of promoting temperance and reasonable regulation of the sale of
> distilled spirits within the state. In addition, this system has helped create
> thousands of jobs and billions of dollars in economic development within
> California.

17        41.    "Injury to a competitor is not equivalent to injury to competition; only the latter is

18   the proper focus of antitrust laws" *Cel-Tech Communications, Inc. v. Los Angeles Cellular*

19   *Telephone Co.*, (1999) 20 Cal. 4th 163, 186 (citing *Atlantic Richfield Co. v. USA Petroleum Co.*

20   (1990) 495 U.S. 328, 344.

21        42.    Like antitrust laws, the primary purpose of predatory pricing laws is consumer

22   protection. *Id.* at 185. Defendant's conduct is designed to injure competition by disrupting the

23   market in its favor: promise below-cost sales and unlawful tie-ins to reward loyal retail customers

24   and punish disloyal ones.

25        43.    The import of these laws is multi-fold; ensuring vertical and horizontal parity

26   between all parties within the liquor industry (i.e., disallowing participation in more than one tier)

27   engenders equitable treatment (e.g., consistent pricing levels, reasonable availability of product)

28   of those entities on other tiers (parity), discourages corruption and monopolistic practices, and

1    promotes healthy and fair competition within interstate commerce. These goals are consistent with,

2    and in some cases codified in, the Sherman Antitrust Act (15 U.S.C. § 1, *et seq.*), and the Robinson-

3    Patman Act (15 U.S.C. § 13).

4    **The Advantages of Exclusive Supplier Contracts Include Significant Bargaining Power,**

5    **Market Share, And Revenue**

6        44.    Despite the intended protections provided by federal and state laws, Southern

7    Glazer has thrived in the three-tier system, developing unscrupulous, unethical and unlawful

8    schemes that increase revenues, profitability, and market share. These practices have given

9    Southern Glazer an unfair competitive advantage over its competition with a resultant

10   disadvantage to the public and class members.

11       45.    It is common practice in the alcohol industry for an alcohol manufacturer (tier 1) to

12   designate only one wholesaler (tier 2) per geographic area—that designation generally being made

13   based on the level of sales achieved by the particular wholesaler. Once chosen, alcohol retailers

14   (tier 3) are forced to buy that manufacturer's product(s) exclusively through its chosen wholesaler,

15   or not buy it/them at all. Not only have these schemes served to directly increase Southern Glazer's

16   profits, they also secure highly-desirable and highly-profitable supply relationships. This exclusive

17   right to distribute particular alcohol brands, such as Bulleit, Campari, Skyy, and Johnnie Walker,

18   creates significant incentives for Southern Glazer to take all measures, lawful or unlawful, to

19   guarantee continuation of these relationships.

20       46.    During the class period, Southern Glazer enjoyed numerous exclusive contracts

21   with alcohol manufacturers/producers, with a resultantly larger client base, more orders therefrom,

22   and higher profitability.

23       47.    Representative Plaintiffs required to purchase, knowingly and/or unknowingly,

24   products to help Southern Glazer meet sales quotes and thereby continue to enjoy exclusive

25   contracts.

26   **Liquor License/Account Application Process**

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 9462
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

48.     Owners of bars, restaurants, and liquor stores wishing to engage in the retail sale of alcohol will find a process for obtaining a liquor sales license that is highly regulated, and for which the grounds for suspensions and/or revocation of those licenses are numerous.[2]

49.     Applying for a California liquor license includes submission of documentation of business status, an individual financial affidavit, totals of investments in the business, banking information, and undergoing a background check. After submitting the required documents, completing the notification process (by posting notice in a conspicuous place at the entrance to the premises, as well as by mail and/or newspaper, dependent on the type of license sought, pursuant to Cal. Bus. & Prof. Code §23985, *et seq.*), a party may be approved for a license (note that, if the intended licensee wishes to sell hard-liquor, it must purchase a hard liquor license from another current licensee or participate in California's annual lottery program and hope for the best, as new licenses are not otherwise being issued). A unique liquor license number is then issued for the particular bar/restaurant/liquor store. In California, this number is registered with the State Board of Equalization, so that the Board can collect taxes on retail sales of alcohol. The Board is empowered to conduct audits to "determine whether or not the amount of tax has been reported correctly based on relevant tax statutes, regulations, and case law." 18 CCR § 1698.5. Other states have similar processes.

50.     To a bar/restaurant/liquor store owner who wishes to sell alcohol to its patrons, obtaining and maintaining a liquor license has tremendous value.

**Becoming a Southern Glazer Customer**

51.     For licensees (i.e., the class members herein) desirous of obtaining liquor from Southern Glazer for resale, the process is standardized. After approaching Southern Glazer for this purpose, class members were required to submit evidence of their liquor licenses, and various forms including:

|   |   |
|---|---|
| a. | Credit application |
| b. | Personal guarantee |
| c. | Appendix A California resale certificate |
| d. | Optional e-check authorization/autopay and proof of deliver forms |

---

[2] (e.g., *see* California's Dept. of Alcoholic Beverage Control's penalty guidelines and schedule at http://www.abc.ca.gov/trade/Penalty%20Guidelines.pdf)

Second Amended Complaint for Damages, Restitution, and Injunctive/Equitable Relief

  e. Direct Warehouse Sales Authorization form, which lists the authorized purchasers for the retailer

  f. Copies of state-issued beverage licenses and Certificates of Resale

A copy of Southern Glazer's New Account Requirements with the aforementioned documents is attached hereto as Exhibit A.

  52. Once these papers were approved, each class member was given a unique account number which the class members could then use to purchase liquor from Southern Glazer. Membership in one or both of the Plaintiff classes requires persons/entities to have submitted such forms, have had such forms approved by Southern Glazer and been issued thereby a unique Southern Glazer account number.

**Retailers Do Not Expect to Make and/or Be Charged for Unauthorized Purchases**

  53. Class members expected to only be charged by Southern Glazer and the proper taxing authorities for alcohol purchases *actually made* from Southern Glazer. Class members did not expect Southern Glazer to charge them for alcohol class members did not order and/or for Southern Glazer to report to taxing authorities unauthorized alcohol sales.

  54. Consistent with 4 CCR § 17, class members expected Southern Glazer to provide an accurate invoice for every alcohol sales transaction between them and for Southern Glazer to take orders for alcohol only from those individuals authorized by class members to place such orders.

  55. Representative Plaintiffs and members of both classes reasonably believed Southern Glazer would keep said identifying information confidential. Indeed, Southern Glazer agreed in writing to every class member that "[e]xcept as agreed herein, Southern Glazer will not disclose your private information unless it is required to do so by law, to verify your continuing financial stability or in an effort or action to collect your unpaid debt to Southern Glazer."

  56. Representative Plaintiffs and members of both classes provided their confidential identifying information, and subsequently did business with Southern Glazer in reasonable reliance upon this promise.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

57.    Moreover, the agreements between class members and Southern Glazer contained additional express and/or implied promises by Southern Glazer upon which class members reasonably relied, including, but not necessarily limited to the promises that:

a.    Southern Glazer would not disclose class members' account numbers, liquor license numbers and/or other confidential information for reasons other than those identified in its agreements therewith and, in those situations, only to the extent necessary to effectuate the lawful purpose(s) therefor;

b.    Southern Glazer would not use class members' account numbers, liquor license numbers and/or other confidential information to the financial detriment of class members;

c.    Southern Glazer would not add so-called authorized purchasers to class members' Direct Warehouse Sales Authorization to Purchase Forms, without class members' knowledge and consent;

d.    Southern Glazer would not contract with third-parties to use class members' account numbers, liquor license numbers and/or other confidential information to the financial detriment of class members;

e.    Southern Glazer would not engender unfair competition between its account holders (class members) and/or between account holders and unlicensed third-parties;

f.    Southern Glazer would not undermine class members' profits by giving away liquor, and/or selling liquor at lower prices to (licensed or unlicensed) third-parties/competitors, and/or a combination of these practices;

g.    Southern Glazer would not engage in conduct which it knew and/or had reason to know would increase class members' tax liabilities to state and/or federal taxing authorities;

h.    Southern Glazer would not engage in conduct which it knew and/or had reason to know would cause class members to misstate their tax liabilities in tax returns and/or internal documents (e.g., profit & loss statements);

i.    Southern Glazer would not engage in conduct which it knew and/or had reason to know would require class members to re-state/correct tax returns and/or correct internal documents, and incur legal and/or accounting fees in doing so;

j.    Southern Glazer would not demand that class members purchase certain amounts of liquor, or specific varieties of liquor, at the risk of class members' alcohol supply being cut off;

k.    Southern Glazer would comply with 4 CCR §17 and provide class members with an invoice for every transaction containing, *inter alia*, name and address of the purchaser, the type and quantity of liquor ordered, the cost to the purchaser and method of payment, the date of sale and invoice number. Indeed, this expectation of class members was predictable to Southern Glazer given that Southern Glazer knew and/or had reason to know that

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  class members commonly relied on such invoices to determine the type and quantity of liquor received/purchased and determine their business' tax liabilities.

**Southern Glazer Falsely Markets Itself as a Responsible Distributor**

58. Southern Glazer touts itself as a "sales and distribution organization with a proud history of consistently delivering impeccable service." It is an industry behemoth, generating nearly $17 billion in revenues from the sale of 150 million cases of wine and spirits to 350,000 retail and restaurant accounts in 2016.

59. It identifies its values[3] as follows:

F  -  Fulfill the potential of our suppliers and customers
A  -  Aspire to excellence
M  -  Mission and Vision driven
I  -  Integrity and inclusiveness are our hallmarks
L  -  Leadership in everything we do
Y  -  You are critical to our success

60. However, Southern Glazer's routine business practices are anything but a legitimate source of pride, as detailed throughout this Complaint and as a rudimentary Google search reveals.

61. For example, in July 2017, "Southern Glazer's Wine and Spirits of Pennsylvania agreed to pay $5 million in monetary penalties for their employees role in providing cash, all-expenses paid trips, tickets to shows and sporting events, entertainment and other things of value to officials at the PA-LCB from 2000 to 2012."[4]

62. Southern Glazer and its related entities have also been punished and/or charged with racial discrimination,[5] illegal kickbacks,[6] unlawful carrying charges,[7] and other unethical business practices.

---

[3] http://www.southernglazers.com/about-us/#/Our-Mission
[4] https://www.justice.gov/usao-mdpa/pr/four-vendors-pa-liquor-control-board-agree-pay-over-9-million-monetary-penalties
[5] https://www.dol.gov/newsroom/releases/ofccp/ofccp20170109
[6] http://www.winespectator.com/webfeature/show/id/Feds-Settle-Wine-Kickback-Case-in-Illinois_4547
[7] *Wiseman Park, LLC v. Southern Glazer's Wine & Spirits, LLC,* 16 Cal. App. 5th 110 (2017).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

63.     More recently, a former Southern Glazer Vice President and National Account Manager for Walmart/Sam's Club filed suit in Arkansas state court for wrongful termination and defamation, stemming from, *inter alia*, his "unwillingness to engage in collusive, anti-competitive, illegal and deceptive conduct and his complaints concerning the same."[8] Thompson alleges, and attaches as exhibits to the complaint, substantial evidence of the conduct Representative Plaintiffs allege here, such as:

    a.    Secret rebates (Dkt. 1-1, ¶¶ 26-28)

    b.    Paying scans to meet sales quotas (Id., ¶ 30).

    c.    Inequitable pricing practices, "creating uncompetitive retails" (Id., ¶¶ 34, 51-54)

    d.    Collusive pricing and sales tactics (Id., ¶¶ 36-42)

    e.    Providing and/or requiring shelf level merchandising support (Id., ¶ 43)

    f.    Below-cost sales/gifts (Id., ¶¶ 45-48)

**Southern Glazer's Violations of Law**

64.     Representative Plaintiffs and members of both classes entered into contracts with Southern Glazer reasonably relying on Southern Glazer to honor these duties and obligations.

65.     In breach of these duties, warranties, express and/or implied promises, and contrary to the reasonable expectations of class members, Southern Glazer committed various unlawful and/or unfair business practices, including, but not necessarily limited to:

    a.    Adding so-called authorized purchasers on Representative Plaintiffs' and class members' Direct Warehouse Sales Authorization to Purchase Forms, without their knowledge or consent;

    b.    Leading Representative Plaintiffs and members of both classes to misreport their tax obligations to state and/or federal taxing authorities;

    c.    Compelling Representative Plaintiffs and members of both classes to re-state their tax obligations for prior tax cycles to state and/or federal taxing authorities, and to incur time and expense in retaining legal and financial professionals therefor;

---

[8] *Thompson v. Southern Glazer's Wine & Spirits LLC*, Case No. 04CV-17-2047 (Circuit Court of Benton County, Arkansas).

d.  Selling liquor to bars/restaurants/clubs that do not possess liquor licenses using Representative Plaintiffs' and class members' liquor license numbers and/or their Southern Glazer account numbers;

e.  Singling out customers who pay C.O.D. and/or are known to maintain poor accounting practices (e.g., for "ghost shipping" and/or "phantom invoicing" practices), causing them monetary damages and/or tax liabilities;

f.  Selling liquor to third-parties on Representative Plaintiffs' and class members' accounts at lower prices than to legitimate/licensed purchasers;

g.  Selling liquor to different parties at different prices, in violation of federal alcohol regulations and state and/or federal law;

h.  Permitting its officers, managers, agents and/or other employees to purchase liquor on Representative Plaintiffs' and class members' licenses/accounts, using cash and/or charging class members for the liquor, then storing (i.e., not delivering it) in order to meet quotas (and in violation of 4 CCR § 76);

i.  Permitting its officers, managers, agents and/or other employees to give away liquor, by pricing such at $.01;

j.  Permitting its officers, managers, agents and/or other employees to give away liquor by printing sample labels for full regular-sized bottles;

k.  Permitting its officers, managers, agents and/or other employees to purchase liquor using class members' liquor license numbers and/or their Southern Glazer account numbers, temporarily store the liquor (in violation of 4 CCR § 76), then returning the liquor later, in order to meet quotas, oftentimes without refunding the money;

l.  Using so-called "A Forms" (which lack bar codes and invoice numbers and are, thus, nearly impossible to locate) to facilitate liquor transactions, in violation of 4 CCR § 17;

m.  Not providing annual invoices, unless requested, in order to conceal the practices cited herein;

n.  Permitting its officers, managers, agents and/or other employees to purchase liquor "off-invoice";

o.  Permitting its officers, managers, agents and/or other employees to sell "off-invoice" liquor to retailers without licenses, or to retailers who will then resell the liquor to other retailers, in violation of state and/or federal law;

p.  Permitting its officers, managers, agents and/or other employees to sell "off-invoice" liquor to private individuals, in violation of state and/or federal law;

q.  Threatening to cut off supplies to customers who do not buy a sufficient quantity of liquor, or liquor of select varieties;

r.  Refusing to sell products to class members without them purchasing "tie-ins" (other types of liquor than those the customer wishes to purchase);

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

s.    Giving kickbacks, free samples and other unlawful incentives to restaurants/retailers (in violation of, *inter alia*, 4 CCR § 106), in order to keep them from reporting the violations specified above;

t.    Working and/or conspiring with third-parties to allow for the unfair/unlawful practices above and below;

u.    Ignoring complaints from sales representatives and/or retailers about the unfair and unlawful business practices detailed herein.

v.    Unlawfully manipulating a "will call" system to effectuate unauthorized purchases and deliveries, collecting money from retailers vis-à-vis an automatic payment system.

66.    Representative Plaintiffs are informed and believe and, on that basis, allege that Southern Glazer has actual and/or constructive knowledge of all of the practices listed above, and that it willfully permitted them to continue in order to meet quotas (and, thus, maintain its business relationships with producers) and increase profits, in violation of state and/or federal law.

67.    Representative Plaintiffs are informed and believe and thereon allege that many (if not all) of Southern Glazer's practices listed above and throughout this Complaint have a substantial impact on interstate commerce.

### FIRST CLAIM FOR RELIEF
### PROMISSORY FRAUD
### CAL. CIV. CODE, §1710
*(for the California Class Only)*

68.    Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69.    By entering into the Agreement, Southern Glazer made a promise to Representative Plaintiffs and members of both classes regarding a material fact without any intention of performing it. Namely, Southern Glazer promised that it would store private customer information in accordance with law and reasonable business practices, and would not disclose private customer information except under three limited circumstances: (1) unless required by law; (2)  to verify continuing financial stability; and/or (3) in an effort or action to collect an unpaid debt to Southern Glazer.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

70.     In making that promise, and at all times before, at, and after the time of making the promise, Southern Glazer secretly harbored the intent not to perform its promise to store private customer information in accordance with law and reasonable business practices and not to disclose private customer information except under three limited circumstances.

71.     In making that promise, and at all times before, at, and after the time of making the promise, Southern Glazer secretly harbored the intent to deceive Representative Plaintiffs and members of both classes to enter into the Agreement.

72.     Representative Plaintiffs and members of both classes were fraudulently induced to enter into the Agreement based upon Southern Glazer's promise to store private customer information in accordance with law and reasonable business practices and not to disclose private customer information except under three limited circumstances.

73.     Representative Plaintiffs and members of both classes reasonably relied on the promise made by Southern Glazer under the Agreement.

74.     Despite its promise, Southern Glazer did not store customer information in accordance with law and reasonable business practices and disclosed private customer information for reasons other than the three limited circumstances set forth in the Agreement.

75.     By disclosing the customer account numbers of Representative Plaintiffs and member of both classes to third-parties to facilitate transactions to the detriment and without the knowledge or consent of class members, as well as engaging in transactions using said accounts for Southern Glazer's own benefits, Representative Plaintiffs and members of both classes have suffered and continue to suffer economic losses and other general and specific damages.

76.     The reliance on these promises by Representative Plaintiffs and members of both classes was a substantial factor in causing the harm described herein.

**SECOND CLAIM FOR RELIEF**
**BELOW COST SALES**
**VIOLATIONS OF CAL. BUS. & PROF. CODE §17043**
*(for the California Class Only)*

77.     Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

78.     As alleged herein, Southern Glazer intentionally engaged in unlawful below cost sales, including offering to sell, selling, and/or giving away liquor products at a price below cost. Such practices also run afoul of 4 CCR §106.

79.     The liquor products offered, sold, and/or given away were the same as those normally sold in Southern Glazer's regular course of business and were not sample sizes or new products (i.e. products Representative Plaintiffs had not previously purchased).

80.     Southern Glazer's below-cost sales were made in bad faith.

81.     Southern Glazer's sole purpose in engaging in the conduct detailed herein was to achieve maximum profitability and market share through damaging and/or destroying competition, through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing.

82.     In engaging in these unlawful business practices, Southern Glazer has enjoyed an advantage over its competition and a resultant disadvantage to the public and California class members.

83.     Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiffs and members of the California class.

84.     As a direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

85.     Representative Plaintiffs and members of the California class are entitled to an injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   treble the damages sufficient to correct the harm Representative Plaintiffs and California class

2   members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. &

3   Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### THIRD CLAIM FOR RELIEF
### LOSS LEADER SALES
### VIOLATIONS OF CAL. BUS. & PROF. CODE §17044
*(for the California Class Only)*

12   86.   Representative Plaintiffs incorporate in this cause of action every allegation of the

13   preceding paragraphs, with the same force and effect as though fully set forth herein.

14   87.   As alleged herein, Southern Glazer intentionally engaged in unlawful below cost

15   sales, including offering to sell, selling, and/or giving away liquor products at a price below cost.

16   88.   In doing so, Southern Glazer's purpose was to encourage the purchase of other

17   products and/or to deprive business from or otherwise injure competitors.

18   89.   Southern Glazer's conduct was a substantial factor in causing harm to

19   Representative Plaintiff and members of the California class.

20   90.   As a direct and proximate result of Southern Glazer's actions, Representative

21   Plaintiffs and members of the California class have suffered and continue to suffer economic losses

22   and other general and specific damages, including, but not limited to the monies paid and/or owed

23   to Southern Glazer and/or to third-party taxing authorities, and any interest that would have

24   accrued on those monies, and by being subjected to unfair business practices and unfair

25   competition which, in turn, lowered California class members' profitability, all in an amount to be

26   proven at trial.

27   91.   Representative Plaintiffs and members of the California class are entitled to an

28   injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  treble the damages sufficient to correct the harm Representative Plaintiffs and California class

2  members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. &

3  Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### SECRET REBATES
### VIOLATIONS OF CAL. BUS. & PROF. CODE §17045
*(for the California Class Only)*

92.     Representative Plaintiffs incorporate in this cause of action every allegation of the

preceding paragraphs, with the same force and effect as though fully set forth herein.

93.     As alleged herein, Southern Glazer secretly gave payments, rebates, refunds,

commissions, and/or unearned discounts to some buyers that were not offered or given to other

buyers on like terms.

94.     Such conduct has a tendency to destroy competition.

95.     Southern Glazer's sole purpose in engaging in the conduct detailed herein was to

achieve maximum profitability and market share through damaging and/or destroying competition,

through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing

schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and

modifying, concealing and/or destroying evidence of its wrongdoing.

96.     In engaging in these unlawful business practices, Southern Glazer has enjoyed an

advantage over its competition and a resultant disadvantage to the public and California class

members.

97.     Southern Glazer's conduct was a substantial factor in causing harm to

Representative Plaintiffs and members of the California class.

98.     As a direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

99.     Representative Plaintiffs and members of the California class are entitled to an injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and treble the damages sufficient to correct the harm Representative Plaintiffs and California class members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### UNLAWFUL THREATS & INTIMIDATION
### VIOLATIONS OF CAL. BUS. & PROF. CODE §17046
*(for the California Class Only)*

100.    Representative Plaintiffs incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

101.    As alleged herein, Southern Glazer threatened and/or otherwise intimidated Representative Plaintiffs and members of the California class to effectuate provision of liquor products below cost in violation of Cal. Bus. & Prof Code sections 17043, 17044, and 17045.

102.    Such conduct has a tendency to destroy competition.

103.    Southern Glazer's sole purpose in engaging in the conduct detailed herein was to achieve maximum profitability and market share through damaging and/or destroying competition, through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

104.    In engaging in these unlawful business practices, Southern Glazer has enjoyed an advantage over its competition and a resultant disadvantage to the public and California class members.

105.    Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiffs and members of the California class.

106.    As a direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of the California class have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered California class members' profitability, all in an amount to be proven at trial.

107.    Representative Plaintiffs and members of the California class are entitled to an injunction, preventing Southern Glazer from engaging in this unfair and unlawful behavior, and treble the damages sufficient to correct the harm Representative Plaintiffs and California class members have suffered, as well as reasonable attorneys' fees and costs, pursuant to Cal. Bus. & Prof. Code §§ 17070 and 17082, all in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### CONSTRUCTIVE TRUST
### VIOLATIONS OF CAL. CIV. CODE §2223 *ET. SEQ*
*(for the California Class Only)*

108.    Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

109.    Southern Glazer, by fraud, undue influence, and other unlawful acts, gained profits to which Representative Plaintiffs and members of the California class are otherwise entitled, thus rendering it an involuntary trustee of such ill-gotten gains.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

110.   Southern Glazer has no legal or equitable right, claim, or interest to such property and profits. Therefore, it has a duty to convey these ill-gotten gains to Representative Plaintiffs and members of the California class forthwith.

**SEVENTH CLAIM FOR RELIEF**
**BREACH OF FIDUCIARY DUTY**
*(for the California and Nationwide Classes)*

111.   Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

112.   Southern Glazer was a constructive trustee for Representative Plaintiffs and members of the California class.

113.   Southern Glazer purported to act on behalf of Representative Plaintiffs and members of the California class in making purchases of liquor using Representative Plaintiffs' (and class members') liquor license/account.

114.   In doing so, Southern Glazer failed to act a reasonably careful trustee/partner would have under similar circumstances.

115.   Southern Glazer used Representative Plaintiffs' and members of both classes' property for its own benefit and communicated said information to third-parties, at which time, these third-parties, with Southern Glazer's knowledge and approval, used that confidential information to purchase liquor on class members' liquor licenses/accounts.

116.   Representative Plaintiffs and members of both classes did not give informed consent to Southern Glazer's conduct.

117.   Southern Glazer's conduct was a substantial factor in causing harm to Representative Plaintiffs and members of both classes.

118.   As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

119.   As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of both classes have suffered and continue to suffer

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE TOWER BUILDING
OAKLAND, CA 94612
TEL: (510) 891-9800

1 economic losses and other general and specific damages, including, but not limited to the monies

2 paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that

3 would have accrued on those monies, and by being subjected to unfair business practices and unfair

4 competition which, in turn, lowered class members' profitability, all in an amount to be proven at

5 trial.

6 120.   Moreover, at all times herein mentioned, Southern Glazer intended to cause or acted

7 with reckless disregard of the probability of causing damage to Representative Plaintiffs and

8 members of both classes, and because Southern Glazer was guilty of oppressive, fraudulent and/or

9 malicious conduct, Representative Plaintiffs and members of both classes are entitled to an award

10 of exemplary or punitive damages against Southern Glazer in an amount adequate to deter such

11 conduct in the future.

**EIGHTH CLAIM FOR RELIEF**
**COMMON LAW FRAUD**
*(for the California and Nationwide Classes)*

15 121.   Representative Plaintiffs incorporates in this cause of action every allegation of the

16 preceding paragraphs, with the same force and effect as though fully set forth herein.

17 122.   Southern Glazer willfully, falsely, and knowingly misrepresented material facts

18 relating to the manner in which it would use class members' license/account numbers, failing to

19 provide adequate protection and confidentiality regarding this and/or other identifying

20 information, and disclosing/supplying confidential information to third-parties to facilitate

21 transactions to the detriment and without the knowledge or consent of class members, as well as

22 engaging in transactions using said accounts for Southern Glazer's own benefits. The prohibition

23 against such conduct is expressed and/or implied in the common contract between the parties.

24 123.   Southern Glazer intended that Representative Plaintiffs and members of both

25 classes rely on said misrepresentations in order to induce them to do business with Southern

26 Glazer.

27 124.   The conduct of Southern Glazer constitutes fraud against Representative Plaintiffs

28 and members of both classes. Southern Glazer, directly and/or through its agents and employees,

made false representations to Representative Plaintiffs and members of both classes that were likely to deceive Representative Plaintiffs and class members. Representative Plaintiffs and the members of both classes were misled by these false representations in purchasing goods and/or services from Southern Glazer and/or entering into and/or maintaining agreements therewith.

125.   Representative Plaintiffs and members of both classes reasonably relied on said misrepresentation by doing business with Southern Glazer, and suffered harm in that they incurred tax liabilities for purchases made on their liquor accounts/licenses without their knowledge or consent.

126.   Representative Plaintiffs' and members of both classes' reliance on said misrepresentations was the sole cause of his/their suffering/harm.

127.   As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

128.   Moreover, at all times herein mentioned, Southern Glazer intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and members of both classes, and because Southern Glazer was guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of both classes are entitled to an award of exemplary or punitive damages against Southern Glazer in an amount adequate to deter such conduct in the future.

## NINTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
### CAL. BUS. & PROF. CODE, §17200, *ET SEQ.*
*(for the California Class Only)*

129.   Representative Plaintiffs incorporate in this cause of action every allegation of the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

preceding paragraphs, with the same force and effect as though fully set forth herein.

130.    Representative Plaintiffs and members of the California class further bring this cause of action, seeking equitable and statutory relief to stop the misconduct of Southern Glazer, as complained of herein, and seeking restitution from Southern Glazer for the unfair, unlawful and fraudulent business practices described herein.

131.    The knowing conduct of Southern Glazer, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208. Specifically, Southern Glazer conducted business activities while failing to comply with the legal mandates cited herein. Such violations include but are not necessarily limited to damaging and/or destroying competition through manipulative and/or high pressure sales, incentive and distribution tactics, illegal pricing schemes, quasi-monopolistic distribution and sales methods, deceptive business practices, and modifying, concealing and/or destroying evidence of its wrongdoing in violation of, *inter alia*, 4 CCR §§17, 52, 76, 106, the three-tier system codified under 27 U.S.C. §205, the Sherman Antitrust Act (15 U.S.C. §1, *et seq.*), the Robinson-Patman Act (15 U.S.C. §13), Cal. Bus. & Prof. Code §§17043, *et seq.*, 23501, and 23985, *et seq.*), Cal. Civ. Code §1572 and 1714.

132.    Moreover, in engaging in these unlawful business practices, Southern Glazer has enjoyed an advantage over its competition and a resultant disadvantage to the public and class members.

133.    Southern Glazer's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Southern Glazer's competitors, engenders an unfair competitive advantage for Southern Glazer, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

134.    Southern Glazer has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiffs and members of the California class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Southern Glazer and as set forth in legislation and the judicial record.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE TOWER BUILDING
OAKLAND, CA 94612
TEL: (510) 891-9800

135.     Representative Plaintiffs and members of the California class request that this Court enter such orders or judgments as may be necessary to enjoin Southern Glazer from continuing its unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiffs and members of the California class any money Southern Glazer acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §17200, *et seq.*; and for such other relief set forth below.

**TENTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
*(for the California and Nationwide Classes)*

136.     Representative Plaintiffs incorporates in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

137.     During the limitations period, Representative Plaintiffs and members of both classes entered into valid contracts, supported by sufficient consideration, as referenced above, pursuant to which Southern Glazer was obligated not to disclose confidential information that was included on Representative Plaintiffs' credit and other applications, such as their account numbers, and to only sell liquor on class members' accounts to authorized agents thereof.

138.     Representative Plaintiffs and members of both classes performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

139.     Despite the foregoing, Southern Glazer materially breached its contracts with Representative Plaintiffs and members of both classes by disclosing their confidential information (such as account numbers) to third-parties, with the intent of then selling liquor to the third-parties on said licenses, and/or actually sold liquor to third-parties using the account numbers and liquor licenses of Representative Plaintiffs and members of both classes, and/or purchased alcohol using class members' account numbers and liquor licenses in order to make quotas, all without class members' knowledge and consent.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

140.   As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of both classes were damaged in that they incurred tax liabilities for purchases made on their liquor accounts/licenses.

141.   As a further direct and proximate result of Southern Glazer's actions, Representative Plaintiffs and members of both classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not limited to the monies paid and/or owed to Southern and/or to third-party taxing authorities, and any interest that would have accrued on those monies, and by being subjected to unfair business practices and unfair competition which, in turn, lowered class members' profitability, all in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
*(for the California and Nationwide Classes)*

142.   Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

143.   Representative Plaintiffs and members of both classes entered into valid contracts, supported by sufficient consideration, as referenced above, pursuant to which Southern Glazer was obligated, *inter alia*, not to disclose confidential information that was included on class members' credit and other applications, such as their account numbers, and to only sell liquor on class members' accounts to authorized agents thereof.

144.   Representative Plaintiffs and members of both classes performed and/or, prior to the termination thereof, remained ready, willing, and able to perform all material terms of these agreements.

145.   These agreements contained an implied covenant of good faith and fair dealing, which obligated Southern Glazer to perform the terms and conditions of the above-described agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Representative Plaintiffs and members of both classes from performing any or all of the conditions

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   of the contract that he/they agreed to perform, or any act that would deprive class members of any

2   of the benefits of the contract.

3        146.    In breach of said duties, Southern Glazer unfairly deprived Representative

4   Plaintiffs and members of both classes of the intended benefits of their contracts with Southern

5   Glazer, by giving away confidential information, and allowing purchases to be made on class

6   members' accounts/licenses without the knowledge or consent of class members.

7        147.    In further breach of said duties, Southern Glazer deprived Representative Plaintiffs

8   and members of both classes of the intended benefits of their contracts with Southern Glazer by

9   creating a risk that class members would lose their licenses and/or be exposed to tax liabilities for

10  liquor they never purchased.

11       148.    Southern Glazer breached its implied covenant of good faith by unfairly interfering

12  with class members' right to receive the intended benefits of their contracts with Southern Glazer.

13       149.    As a further direct and proximate result of Southern Glazer's actions,

14  Representative Plaintiffs and members of both classes have suffered and continue to suffer

15  economic losses and other general and specific damages, including, but not limited to the monies

16  paid and/or owed to Southern Glazer and/or to third-party taxing authorities, and any interest that

17  would have accrued on those monies, and by being subjected to unfair business practices and unfair

18  competition which, in turn, lowered class members' profitability, all in an amount to be proven at

19  trial.

20

21                                   **REQUEST FOR RELIEF**

22       **WHEREFORE**, the Representative Plaintiffs, on behalf of himself and each member of

23  members of the proposed Nationwide Class and the California Subclass, respectfully request that

24  the Court enter judgment in their favor and for the following specific relief against Defendants,

25  and each of them, jointly and separately, as follows:

26       1.       That the Court declare, adjudge, and decree that this action is a proper class action

27  and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiffs' counsel

2    as Class Counsel;

3        2.    That Defendants be found to have breached their contracts with Representative

4    Plaintiffs and members of both classes;

5        3.    That Defendants be found to have made fraudulent and/or negligent

6    misrepresentations to Representative Plaintiffs and members of both classes;

7        4.    For an award to Representative Plaintiffs and members of both classes of

8    compensatory damages in an amount to be proven at trial;

9        5.    That Defendants be found to have violated 18 U.S.C. §§1961-1968 with regard to

10    the Representative Plaintiffs and members of both classes;

11        6.    That Defendants be found to have violated Cal. Civ. Code §1572, §1714, and

12    California Business & Professions Code §17000 *et seq.* and 17200 *et seq.*, with regard to the

13    Representative Plaintiffs and members of the California subclass;

14        7.    That the Court further enjoin Defendants, ordering them to cease and desist from

15    unlawful activities in further violation of California Business and Professions Code §17000 *et seq.*

16    and 17200, *et seq.*;

17        8.    For an award of restitution and disgorgement of Defendants' excessive and ill-

18    gotten revenues to Representative Plaintiffs and members of the California class;

19        9.    For a declaration that any and all tax obligations of class members to state and/or

20    federal taxing authorities resulting from Defendants' deceptive, misleading, unfair and unlawful

21    conduct are properly Defendants' financial obligations. There exists a substantial controversy of

22    sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

23        10.    For an Order requiring an accounting for, and imposition of a constructive trust

24    upon, all monies received by Defendants as a result of the unfair, misleading, fraudulent, and

25    unlawful conduct alleged herein;

26        11.    For an Accounting of all transactions conducted between (a) Representative

27    Plaintiffs and members of both classes, on the one hand, and Defendants, on the other hand, and

28    (b) Southern Glazer, on the one hand, and unlicensed third-parties to whom Southern Glazer has

1  (i) sold and/or distributed alcohol and/or (ii) provided alcohol free of charge on the other hand,

2  within the limitations period;

3      12.    For punitive and exemplary damages in an amount appropriate and sufficient to

4  punish Defendants, and each of them, and deter others from engaging in similar misconduct in the

5  future;

6      13.    For interest on the amount of any and all economic losses, at the prevailing legal

7  rate;

8      14.    For an award of reasonable attorneys' fees, pursuant to California Code of Civil

9  Procedure §1021.5 and/or California Civil Code §§1780 (d) and 1794 (d);

10      15.    For costs of suit and any and all other such relief as the Court deems just and proper;

11      16.    For all other Orders, findings, and determinations identified and sought in this

12  Complaint.

### JURY DEMAND

14      Representative Plaintiffs and members of each of the Plaintiff classes hereby demand trial

15  by jury on all issues triable of right by jury.

17  Dated: December 14, 2017        **SCOTT COLE & ASSOCIATES, APC**

By:    /s/ Corey B. Bennett
19           Corey B. Bennett, Esq.
         Attorneys for Representative Plaintiff
20           and the Representative Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800