1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARENA RESTAURANT AND LOUNGE LLC, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, et al.,<br><br>            Defendants. | Case No. 17-CV-03805-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 55 |

Plaintiffs Arena Restaurant and Lounge, LLC ("Arena"), Pacifica Restaurants, LLC ("Pacifica"), Vine and Barrel, LLC ("Vine and Barrel"), and Daniel Flores (collectively, "Plaintiffs") filed this putative class action against Southern Glazer's Wine and Spirits, LLC and Southern Wine & Spirits of America, Inc. (collectively, "Defendants."). Before the Court is Defendants' Motion to Dismiss the Third Amended Complaint ("TAC"). Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS the Motion to Dismiss the TAC with prejudice.

# I. BACKGROUND

## A. Factual Background

The Plaintiffs accuse Defendants, who are liquor wholesalers, of a range of anticompetitive behavior. As context for their claims, Plaintiffs explain that the Federal Alcohol Administration Act (27 U.S.C. § 201, *et seq.*) was enacted in 1935 to establish a regulatory scheme for the liquor industry. ECF No. 54 ("TAC") ¶ 36. This regulatory scheme created a three-tier system that distinguished between alcohol producers, wholesalers, and retailers. *Id.* ¶¶ 37–39 (referencing 27 U.S.C. § 205). According to Plaintiffs, "the three-tier system provides that (1) producers cannot wholesale or retail alcohol, (2) wholesalers cannot be producers or retailers, and (3) retailers cannot wholesale or produce alcohol." *Id.* ¶ 39. Instead, "manufacturers (tier 1) sell to licensed importers, distributors and control boards." *Id.* "Licensed importers and distributors (tier 2) act in cooperation with the federal and state governments; they help ensure that alcohol beverage taxes are reliably collected. The prohibition against tier 2 entities owning or operating retailers (those at tier 3), ensures that suppliers cannot coerce retailers to favor their brands." *Id.* "Licensed outlets like liquor stores, bars or restaurants (tier 3) ensure that alcohol is sold to those who are of legal age to purchase it." *Id.* Plaintiffs explain that "this three-tier regulatory system provides for 'checks and balances' to the way alcohol is distributed and sold throughout the system, from one licensed tier to another." *Id.* These "rules dictate that no individual or entity (except the state regulator itself) is allowed to own and operate more than one tier of the system." *Id.*

Plaintiffs describe the Defendants as follows. Glazer's Wholesale Distributors, a predecessor to Glazer's, Inc., was founded in 1933, around the time of the repeal of Prohibition, and has, in various corporate forms, distributed food, drink, and tobacco products on a wholesale basis in various states throughout the United States. *Id.* ¶ 18. In 1968, Southern Wine and Spirits of America, Inc. began distributing and selling food, drink, and tobacco products on a wholesale basis. *Id.* ¶ 19. In 2016, Defendant Southern Wine & Spirits of America, Inc. merged with Glazer's Inc. to form Defendant Southern Glazer's Wine & Spirits, LLC, which is a distributor and wholesaler of food, drink, and tobacco products. *Id.* ¶ 20. Plaintiffs refer to Southern Wine &

Case No. 17-CV-03805-LHK
ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITH PREJUDICE

Spirits of America, Inc. and Southern Glazer's Wine & Spirits, LLC collectively as "Southern Glazer." *Id.* ¶ 1. Plaintiffs allege that Southern Glazer is the largest wine and spirits distributor in the United States, with more than 20,000 employees. *Id.* ¶ 23. Plaintiffs allege that Southern Glazer distributes more than 150 million cases of wine and spirits annually to 350,000 retail and restaurant accounts across 44 states, the District of Columbia, Canada, and the Caribbean. *Id.* Plaintiffs allege that at present, California constitutes the largest state market for Southern Glazer. *Id.* ¶ 20.

Plaintiffs are California-based business and liquor license holders that "had accounts with Southern Glazer, wherefrom they and authorized agents thereof were permitted to purchase liquor using [Plaintiffs'] respective liquor licenses (issued by the California Department of Alcoholic Beverage Control) and/or [their] Southern Glazer-issued account numbers." *Id* ¶ 14. Plaintiffs seek to represent two putative classes, a California class and a national class. *Id.* ¶ 32. The California class is composed of "[a]ll persons/entities, within the State of California, who had an account with Southern Glazer's Wine & Spirits, LLC and/or Southern Glazer Wine & Spirits of America, Inc. within the applicable time period." The national class is similarly defined, except that the geographical scope encompasses the United States rather than only California. *Id.* Plaintiffs do not define "the applicable time period."

Plaintiffs allege that applying for a California liquor license "includes submission of documentation of business status, an individual financial affidavit, totals of investments in the business, banking information, and undergoing a background check." *Id.* ¶ 49. If the application is granted, a "unique liquor license number is then issued for the particular bar/restaurant/liquor store. In California, this number is registered with the State Board of Equalization, so that the Board can collect taxes on retail sales of alcohol." *Id.* To become a Southern Glazer costumer, a liquor license holder was "required to submit evidence of [its] liquor license[];" as well as credit application; personal guarantee; "Appendix A California resale certificate;" "[o]ptional e-check authorization/autopay and proof of deliver forms;" a "Direct Warehouse Sales Authorization [to Purchase] form, which lists the authorized purchasers for the retailer;" and "[c]opies of state-

Case No. 17-CV-03805-LHK
ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITH PREJUDICE

issued beverage licenses and Certificates of Resale." *Id.* ¶ 51.

"Once these papers were approved, each class member was given a unique account number

which the class members could then use to purchase liquor from Southern Glazer." *Id.* ¶ 52.

Plaintiffs allege that they "expected to only be charged by Southern Glazer and the proper taxing

authorities for alcohol purchases actually made from Southern Glazer. Class members did not

expect Southern Glazer to charge them for alcohol class members did not order." *Id.* 53 (emphasis

omitted). Plaintiffs also allege that the agreements between class members and Southern Glazer

contained eleven "additional express and/or implied promises by Southern Glazer upon which

class members reasonably relied," such as "Southern Glazer would not add so-called authorized

purchasers to class members' Direct Warehouse Sales Authorization to purchase Forms, without

class members' knowledge and consent." *Id.* ¶ 56. The Plaintiffs do not specify which of these

eleven promises were express and which were implied.

Citing various court filings and press releases, Plaintiffs allege that Southern Glazer has

been fined, "punished [for], and/or charged" with various misdeeds, including racial

discrimination, illegal kickbacks, unlawful carrying charges, and anti-competitive conduct." *Id.*

¶¶ 60–62. Plaintiffs additionally cite to a wrongful termination and defamation suit filed by "a

former Southern Glazer Vice President and National Account Manager." *Id.* ¶ 62.

With respect to Plaintiffs and the putative class, Plaintiffs allege that "Southern Glazer

committed various unlawful and/or unfair business practices, including, but not necessarily limited

to" the following list:

    a. Adding so-called authorized purchasers on Representatives Plaintiffs' and class
       members' Direct Warehouse Sales Authorization to Purchase Forms, without
       their knowledge or consent;

    b. Leading Representative Plaintiffs and members of both classes to misreport
       their tax obligations to state and/or federal taxing authorities;

    c. Compelling Representative Plaintiffs and members of both classes to restate
       their tax obligations for prior tax cycles to state and/or federal taxing
       authorities, and to incur time and expense in retaining legal and financial
       professionals therefor;

d.  Selling liquor to bars/restaurants/clubs that do not possess liquor licenses using Representative Plaintiffs' and class members' liquor license numbers and/or their Southern Glazer account numbers;

e.  Singling out customers who pay C.O.D. and/or are known to maintain poor accounting practices (e.g. for "ghost shipping" and/or "phantom invoicing" practices), causing them monetary damages and/or tax liabilities;

f.  Selling liquor to third-parties on Representative Plaintiffs' and class members' accounts at lower prices than to legitimate/licensed purchasers;

g.  Selling liquor to different parties at different prices in violation of federal alcohol regulations and state and/or federal law;

h.  Permitting its officers, managers, agents and/or other employees to purchase liquor on Representative Plaintiffs' and class members' licenses/accounts, using cash and/or charging class members for the liquor, then storing (i.e., not delivering it) in order to meet quotas (and in violation of 4 CCR § 76);

i.  Permitting its officers, managers, agents and/or other employees to give away liquor, by pricing such as $.01;

j.  Permitting its officers, managers, agents and/or other employees to give away liquor by printing sample labels for full regular-sized bottles;

k.  Permitting its officers, managers, agents and/or other employees to purchase liquor using class members' liquor license numbers and/or their Southern Glazer account numbers, temporarily store the liquor (in violation of 4 CCR § 76), then returning the liquor later, in order to meet quotes, oftentimes without refunding the money;

l.  Using so-called "A Forms" (which lack bar codes and invoice numbers and are, thus, nearly impossible to locate) to facilitate liquor transactions, in violation of 4 CCR § 17;

m.  Not providing annual invoices, unless requested, in order to conceal the practices cited herein;

n.  Permitting its officers, managers, agents and/or other employees to purchase liquor "off-invoice";

o.  Permitting its officers, managers, agents and/or other employees to sell "off-invoice" liquor to retailers without licenses, or to retailers who will then resell the liquor to other retailers, in violation of state and/or federal law;

p.  Permitting its officers, managers, agents and/or other employees to sell "off

invoice" liquor to private individuals, in violation of state and/ or federal law;

q.  Threatening to cut off supplies to customers who do not buy a sufficient quantity of liquor, or liquor of select varieties;

r.  Refusing to sell products to class members without them purchasing "tie-ins" (other types of liquor than those the customer wishes to purchase);

s.  Giving kickbacks, free samples and other unlawful incentives to restaurants/ retailers (in violation of, *inter alia*, 4 CCR § 106), in order to keep them from reporting the violations specified above;

t.  Working and/or conspiring with third-parties to allow for the unfair/unlawful business practices detailed herein;

u.  Ignoring complaints from sales representatives and/or retailers about the unfair and unlawful business practices detailed herein[;]

v.  Unlawfully manipulating a "will call" system to effectuate unauthorized purchases and deliveries, collecting money from retailers vis-à-vis an automatic payment system.

*Id.* ¶ 64.

In support of these allegations regarding unlawful and unfair business practices, Plaintiffs amended their complaint to add "[f]irst-[h]and [k]nowledge of [p]utative [c]lass [m]embers and Southern's [o]wn [e]mployees." *Id.* at 20. These allegations consist of 12 pages of anonymous allegations of misconduct by Southern Glazer sales representatives and managers. None of these factual allegations are connected to any of the four named Plaintiffs.

Plaintiff Arena alleges that it "found that it had been assessed thousands of dollars in taxes for liquor supposedly purchased, but not actually purchased, from Southern Glazer." *Id.* ¶ 25. Plaintiff Vine and Barrel alleges that it received "falsified sales invoices" from Southern Glazer. *Id.* Neither Plaintiff offers any other details related to these allegations.

## B. Procedural History

James Nguyen originally filed this case on July 5, 2017. ECF No. 1. Nguyen alleged that he was the liquor license holder on behalf of Arena Restaurant and Lounge. *Id.* ¶¶ 9–10. On August 22, 2017, Defendants filed a Motion to Dismiss. ECF No. 13. On September 5, 2017, Nguyen filed a First Amended Complaint ("FAC") as of right. ECF No. 16. Accordingly, the

Court denied Defendants' Motion to Dismiss the original Complaint as moot on September 6, 2017. ECF No. 17.

On September 19, 2017, Defendants filed a Motion to Dismiss the FAC. ECF No. 19. Nguyen opposed the Motion to Dismiss on October 3, 2017. ECF No. 22. Defendants filed a reply on October 9, 2017. ECF No. 25. On December 19, 2017, the parties filed a stipulation to allow Nguyen to file a Second Amended Complaint ("SAC") to change and add plaintiffs. ECF No. 28. The Court granted the stipulation that same day. ECF No. 29.

On December 19, 2017, Plaintiffs filed the SAC. ECF No. 30 ("SAC"). On December 20, 2017, the Court denied as moot the Motion to Dismiss the FAC. ECF No. 31. In the SAC, Plaintiffs asserted eleven claims: (1) promissory fraud; (2) below-cost sales; (3) loss-leader sales; (4) secret rebates; (5) unlawful threats and intimidation; (6) constructive trust; (7) breach of fiduciary duty; (8) common law fraud; (9) unfair business practices; (10) breach of contract; and (11) breach of the implied covenant of good faith and fair dealing. SAC ¶¶ 68–149. Defendants filed a Motion to Dismiss the SAC on January 3, 2018. ECF No. 32. Plaintiffs filed an opposition on January 17, 2018, in which Plaintiffs pointed out that Defendants' motion failed to comply with Civil Local Rule 7-4(a)(2), which requires briefs longer than ten pages to include tables of contents and authorities. ECF No. 35. On January 18, 2018, Defendants file an amended Motion to Dismiss the SAC. ECF No. 36. The Court denied as moot the Motion to Dismiss at ECF No. 32. *See* ECF No. 53. On January 24, 2018, Defendants filed a reply. ECF No. 38.

On April 16, 2018, the Court granted Defendants' Motion to Dismiss all claims contained in the SAC. ECF No. 53 ("April 16, 2018 Order"). In particular, the Court dismissed the sixth claim for constructive trust, the seventh claim for common law fraud, and the eleventh claim for breach of the implied covenant of good faith and fair dealing with prejudice. *Id.* at 27. The Court dismissed the fraud-related claims (claims one and eight) after finding that Plaintiffs did not adequately plead those claims. However, the Court granted Plaintiffs leave to amend "to adequately plead these claims and, relatedly to establish that they qualify for the fraudulent inducement exception to the economic loss rule." *Id.* at 15. The Court also granted leave to amend

the California Unfair Practice Act claims (claims two, three, four, and five) to "plead adequate

factual support under *Iqbal*." *Id.* at 20. The Court cautioned Plaintiffs "that any amendment must

also address other deficiencies identified in Defendants' motion that the Court does not reach

here," including "that to state a claim for below-cost sales, a plaintiff must plead the cost of the

product at issue to the defendant and the defendant's sales prices." *Id.* The Court granted Plaintiffs

leave to amend their ninth claim for unfair business practices in violation of California's Unfair

Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.* to allege, *inter alia*, "that

[Plaintiffs'] suffered economic harm due to the alleged unfair, unlawful, or fraudulent business

practices." *Id.* at 23–24. Finally, the Court granted Plaintiffs leave to amend their tenth claim for

breach of contract to adequately plead sufficient factual support for that claim, including

Defendants' breach. *Id.* at 25–26. In particular, the Court stated that "[t]he conclusory allegation of

unauthorized sales to third parties is not 'enough to raise a right to relief above the speculative

level.'" *Id.* at 26 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

On May, 8, 2018, Plaintiffs filed a TAC. ECF No. 54. In the TAC, Plaintiffs reassert eight

of their original claims: (1) promissory fraud; (2) common law fraud; (3) below-cost sales; (4)

loss-leader sales; (5) secret rebates; (6) unlawful threats and intimidation; (7) breach of contract;

and (8) unfair business practices. TAC ¶¶ 86–146. Plaintiffs' TAC is effectively identical to their

SAC, except for two differences. First, the TAC deletes paragraph 55 from the SAC, which stated:

> Representative Plaintiffs and members of both classes reasonably believed
> Southern Glazer would keep said identifying information confidential. Indeed,
> Southern Glazer will not disclose your private information unless it is required to
> do so by law, to verify your continuing financial stability or in an effort or action to
> collect your unpaid debt to Southern Glazer.

*Compare* TAC, *with* SAC ¶ 55. Second, Plaintiffs add almost twelve full pages of new allegations

that primarily discuss experiences between various unnamed Southern Glazer accountholders,

sales representatives, district managers, administrative employees, "witnesses," and "third parties"

and Southern Glazer. *See* TAC ¶¶ 67–85. None of these new allegations mention named Plaintiffs.

On May, 21, 2018, Defendants filed the instant Motion to Dismiss the TAC. ECF No. 55

8

("Mot."). On June 4, 2018, Plaintiffs filed an Opposition. ECF No. 57 ("Opp'n"). On June 11, 2018, Defendants replied. ECF No. 61 ("Reply").

## II.  LEGAL STANDARD

### A.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be stated with particularity. Specifically, the Ninth Circuit has held that averments of fraud "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When an "entire claim within a complaint[] is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Id.* at 1107. The Ninth Circuit has recognized that "it is established law in this and other circuits that such dismissals are appropriate," even though "there is no explicit basis in the text of the federal rules for the dismissal of a complaint for failure to satisfy 9(b)." *Id.* A motion to dismiss a complaint "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

**C. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**III. DISCUSSION**

Plaintiffs assert eight claims: (1) promissory fraud; (2) common law fraud; (3) below-cost

10

sales; (4) loss-leader sales; (5) secret rebates; (6) unlawful threats and intimidation; (7) breach of contract; and (8) unfair business practices. SAC ¶¶ 86–146. Defendants argue that the (1) promissory fraud and (2) common law fraud claims should be dismissed based on the economic loss doctrine and failure to plead fraud with particularity as required by Rule 9(b). Mot. at 5–8. Defendants argue that the (3) below-cost sales, (4) loss-leader sales, (5) secret rebates, and (6) unlawful threats and intimidation claims should be dismissed for failure to plead an adequate factual basis under *Iqbal*. Mot. at 9–11. Defendants argue that the (7) breach of contract claim should be dismissed for failure to sufficiently plead the details of the relevant contract. *Id.* at 13–14. Finally, Defendants argue that the (8) UCL claim is derivative of Plaintiffs' insufficiently stated fraud claims and that Plaintiffs have not made any allegations that Plaintiffs suffered any personal economic injury as a result of the unfair business practices, so the claim fails as a result. *Id.* at 12–13. The Court discusses these arguments in turn.

### A. Fraud-Related Claims (Claims One and Two)

Two of Plaintiffs' claims involve fraud: promissory fraud (claim one) and common law fraud (claim two). Fraud-based claims sound in tort. *JMP Securities LLP v. Altair Nanotechnologies Inc*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012). Like in their Motion to Dismiss the SAC, Defendants again argue that Plaintiffs did not allege their fraud-based claims with sufficient particularity under Rule 9(b) and in any event, that the claims are barred by the economic loss rule. Mot. at 5–8. Defendants argue that Plaintiffs failed to fix the deficiencies in the SAC with regards to these arguments identified in the April 16, 2018 Order. *See* Reply at 4–6.

Federal courts deciding state law fraud claims look to state law for the elements of a fraud claim but also apply Rule 9(b)'s heightened pleading standard.[1] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "This means that allegations of fraud must be stated with 'specificity including an account of the time, place, and specific content of the false

---

[1] Even if Rule 9(b) did not apply to state law claims, California law requires that "fraud must be pled specifically; general and conclusory allegations do not suffice." *Robinson Helicopter, Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004).

Case No. 17-CV-03805-LHK
ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITH PREJUDICE

representations as well as the identities of the parties to the misrepresentations.'" *SVGRP LLC v. Sowell Financial Servs., LLC*, No. 5:16-CV-7302-HRL, 2017 WL 1383735, at *4 (N.D. Cal. Apr. 18, 2017) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). To survive a motion to dismiss, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz*, 476 F.3d at 764 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

To state a claim for fraud under California law, a plaintiff must allege: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). "Promissory fraud is a subspecies of fraud. A plaintiff asserting a promissory fraud must plead and prove that the defendant made a promise to him that it had no intention of performing.'" *SVGRP LLC*, 2017 WL 1383735, at *4 (quoting *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 2d 1092, 1109 (C.D. Cal. 2015)); *see also Fleet v. Bank of Am. N.A.*, 229 Cal. App. 4th 1403, 1411 (2014) (explaining that to state a claim for promissory fraud under California law, a plaintiff must plead "that the promissor did not intend to perform at the time the promise was made, that the promise was intended to deceive and induce reliance, that it did induce reliance, and that this reliance resulted in damages").

In the April 16, 2018 Order, the Court found that Plaintiffs had failed to plead the promissory fraud and common law fraud with specificity as required by Rule 9(b). *See* ECF No. 53 at 14. The Court stated "[t]he theory of falsity underlying both claims is that Defendants promised to keep Plaintiffs' account information confidential, but despite this promise Defendants allegedly used Plaintiffs' account information to make sales to third parties." *Id.* The Court found that Plaintiffs failed to plead "any specific facts about these alleged third-party sales," including "who made the alleged third party sales, when the sales were made, or what was sold. Nor [did] Plaintiffs identify the third parties." *Id.* Additionally, the Court found that Plaintiffs failed to allege

"that they had been billed or had paid for products that they did not order or receive." *Id.* The April 16, 2018 Order concluded that "[v]ague allegations that unspecified Southern Glazer employees used Plaintiffs' account numbers to sell an unspecified amount of liquor to unspecified parties during an unspecified time period" were nowhere near "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged.'" *Id.* (quoting *Swartz*, 476 F.3d at 764). The Court stated "Plaintiffs' claim for promissory fraud fails because Plaintiffs have not adequately alleged that Defendants failed to perform the promise to keep Plaintiffs' account information confidential. Similarly, Plaintiffs' common law fraud claim fails because Plaintiffs have not adequately alleged a misrepresentation." *Id.* at 15. The Court therefore granted the Motion to Dismiss the promissory fraud and common law fraud claims, but granted Plaintiffs leave to amend to adequately plead these claims. *Id.*

The Court finds that Plaintiffs again fail to adequately plead their fraud claims. As an initial matter, Plaintiffs point to no amendments that address the deficiencies in the April 16, 2018 Order as to Plaintiffs' theory that "unspecified Southern Glazer employees used Plaintiffs' account numbers to sell an unspecified amount of liquor to unspecified parties during an unspecified time period." *See* ECF No. 53 at 14. No amendments in the TAC describe any misrepresentation made with respect to the named Plaintiffs nor do the amendments supply any allegations that named Plaintiffs have been billed or paid for products that they did not order or receive.

Second, in Plaintiffs' opposition to the instant motion, Plaintiffs appear to put forth another theory of fraud:

> [The TAC allegations] specifically describe the Defendant's ongoing fraudulent acts and further show Defendant's intent to defraud its customers as the actual *knowing execution* of fraud by Defendant by, among other things, falsifying orders, falsifying invoices, intentionally withholding the delivery of product, 'garaging' products, intentionally adding unrequested orders to accounts, intentionally delivering the wrong product or not delivering at all, deliberately overcharging for products, improperly sharing account numbers, falsely representing the availability of products, etc.—all with the purpose of knowingly maintaining a pricing scheme designed to misrepresent sales figures, sell products to unlicensed customers, and maintain exclusive distribution agreements.

13

Opp'n at 7–8. Plaintiffs therefore state: "[i]n this case, the fraud arises not just from violations of the underlying contracts, but from a deliberate scheme to defraud the class members and the public." *Id.* at 8. Nonetheless, this theory also fails to meet the specificity requirement of Rule 9(b). As Defendants point out, none of the new allegations mention any of the named Plaintiffs or otherwise explain how the allegations relate to Defendants and therefore the new allegations do nothing to establish that "any of the four named plaintiffs were the target of fraudulent conduct by Southern Glazer or that they suffered any personal harm as a result of that fraud." Reply at 5.

Accordingly, Plaintiffs' fraud claims must fail for their lack of "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *SVGRP LLC*, 2017 WL 1383735, at *4 (quoting Swartz, 476 F.3d at 764). Because the Court finds that Plaintiffs fraud-based claims are not alleged with sufficient particularity under Rule 9(b), the Court need not reconsider whether the claims are barred by the economic loss rule. The Court therefore GRANTS Defendants' Motion to Dismiss Plaintiffs' fraud claims.

The April 16, 2018 Order specifically identified the deficiencies in Plaintiffs' fraud claims and warned Plaintiffs that failure to cure the deficiencies would result in dismissal of these claims with prejudice. ECF No. 53 at 27. Plaintiffs were specifically on notice that they needed to add allegations to their fraud claims to satisfy Rule 9(b)'s particularity requirement. *Id.* at 14–15. Despite this warning, Plaintiffs filed a TAC lacking amendments to cure the identified deficiencies. Furthermore, additional leave to amend would be unduly prejudicial to Defendants as Plaintiffs have already filed four complaints and this is now the fourth time Defendants have had to brief a motion to dismiss. Because further amendment would be futile and unduly prejudicial to Defendants, these claims are dismissed with prejudice. *See Leadsinger, Inc.*, 512 F.3d at 532.

**B. Unfair Practices Act Claims (Claims Three, Four, Five, and Six)**

Plaintiffs bring several claims for various unfair business practices under California's Unfair Practices Act ("UPA"), California Business and Professions Code §§ 17000 *et seq*. Specifically, Plaintiffs' third claim is for below-cost sales in violation of § 17043, which makes it

"unlawful for any person . . . to sell any article or product at less than the cost thereof to such vendor, or to give away any article or product, for the purpose of injuring competitors or destroying competition." Cal. Bus. & Prof. Code § 17043. Plaintiffs' fourth claim is for loss-leader sales in violation of § 17044, which prohibits the sale or use of any article or product as a "loss leader" as defined in § 17030. *Id.* § 17044. In turn, § 17030 defines "loss leader" as any article or product sold at less than cost where "the purpose is to induce, promote or encourage the purchase of other merchandise," "the effect is a tendency or capacity to mislead or deceive purchasers or prospective purchasers, or "the effect is to divert trade from or otherwise injure competitors." *Id.* § 17030. Plaintiffs fifth claim is for secret rebates in violation of § 17045, which provides that the secret payment of rebates to some purchasers that is "not extended to all purchasers" and that has a tendency "to destroy competition" is unlawful. *Id.* § 17045. Plaintiff's sixth claim is for unlawful threats and intimidation in violation of § 17046, which provides that "[i]t is unlawful for any person to use any threat, intimidation, or boycott, to effectuate any violation of this chapter." *Id.* § 17046. In particular, Plaintiffs allege that Southern Glazer "threatened and/or otherwise intimidated" Plaintiffs to "effectuate provision of liquor products below cost" in violation of §§ 17043, 17044, and 17045. TAC ¶ 127. Like in the Motion to the Dismiss the SAC, Defendants again argue that Plaintiffs' (3) below-cost sales, (4) loss-leader sales, (5) secret rebates, and (6) unlawful threats and intimidation claims should be dismissed for failure to plead an adequate factual basis under *Iqbal*. Mot. at 9–12. Defendants also argue that Plaintiffs did not follow the Court's previous instructions to amend the pleadings to state these claims. Mot. at 10–12.

"Under Federal Rule of Civil Procedure (8)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677–78 (quoting Fed. R. Civ. P. 8(a)(2)). As the U.S. Supreme Court has explained, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In the April 16, 2018 Order, the Court first found that Plaintiffs had statutory standing to bring their second claim for below-cost sales and third claim for loss-leader sales. *See* ECF No. 53 at 15–17. However, the Court also found that all of Plaintiffs UPA claims failed to meet the pleading standard required by *Iqbal*. In particular, the Court took issue with the fact that the "factual allegations underpinning each of Plaintiffs' UPA claims [were] contained in a list in paragraph 65 of Plaintiffs' SAC [(now paragraph 64)], in which Plaintiffs set forth twenty-two ways in which Defendants have allegedly violated the law," because such a list is "exactly the sort of 'the-defendant-unlawfully-harmed-me accusation' that the U.S. Supreme Court ruled was insufficient in *Iqbal*." *Id.* at 19 (quoting *Iqbal*, 556 U.S. at 678). The April 16, 2018 Order stated that "[s]ome of the assertions in this list are plainly legal conclusions, and as such are not entitled to the presumption of truth." *Id.* (citing *Fayer*, 649 F.3d at 1064).

The Court also took issue with the fact that Plaintiffs' other allegations were conclusory and naked assertions that were "devoid of further factual enhancement." *Id.* (citations and quotation marks omitted). For instance, as to the below-cost and loss-leader sales claims, "Plaintiffs allege[d] that Defendants sold liquor to different parties at different prices and allowed Defendants' employees to give away liquor by pricing it at $.01." *Id.* (citing SAC ¶ 65(f), (i)). "Plaintiffs also allege[d] that Defendants permitted Defendants' employees to buy liquor 'off-invoice,' although Plaintiffs do not explain what exactly 'off-invoice' means." *Id.* (citing SAC ¶ 65(n)).

As to the secret rebates claim, the April 16, 2018 Order stated that "Plaintiffs allege[d] that Defendants gave kickbacks, free samples, and other unlawful incentives to customers." *Id.* (citing SAC ¶ 65(s)). As to the unlawful intimidation claim, "Plaintiffs allege[d] that Defendants

threatened to cut off supplies to customers who did not buy enough liquor or liquor of specific varieties." *Id.* at 20 (citing SAC ¶ 65(q)).

The April 16, 2018 Order concluded that "Plaintiffs do not allege any specific instance of these practices occurring, nor do Plaintiffs explain their basis for believing that Defendants engaged in these practices." *Id.* The Court thus granted Defendants' Motion to Dismiss these claims, but granted Plaintiffs' leave to amend to address these deficiencies. The Court warned, however, "that any amendment must also address other deficiencies identified in Defendants' motion that the Court does not reach here." *Id.* (citing ECF No. 36 at 12). The April 16, 2018 Order specifically stated that a plaintiff must plead the cost of the product at issue to the defendant and the defendant's sales prices in order to state a claim for below-cost sales. *Id.*

The Court finds that Plaintiffs again fail to address the deficiencies as to Plaintiffs' (3) below-cost sales, (4) loss-leader sales, (5) secret rebates, and (6) unlawful threats and intimidation claims in Plaintiffs' TAC. In general, Plaintiff points to no specific amendments that cure the deficiencies identified in the April 16, 2018 Order. *See* Opp'n at 10–14. Instead Plaintiffs put forth the same list of twenty-two alleged violations that this Court has already rejected as "legal conclusions" that are "not entitled to the presumption of truth." *See* ECF No. 53 at 19 (citing *Fayer*, 649 F.3d at 1064). Plaintiffs also merely repeat arguments that the Court already considered in the April 16, 2018 Order. *Compare* ECF No. 35 at 18–19, *with* ECF No. 57 at 11–13.

Beyond that, Plaintiffs put forth vague statements in their brief that they "detail[ed] multiple allegations and factual statements of below cost sales," such as the "products at issue, and the manner in which they were sold," including "the issuance of cash cards, product tying, phantom rebates, etc.," or that they have "plead the existence of secret rebates." Opp'n at 12–13. But Plaintiffs fail to cite any allegations in the TAC, or to elaborate on how any allegations address the deficiencies from the SAC. "'[J]udges are not like pigs, hunting for truffles buried in briefs.' The same is true for allegations[.]" *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1105 (N.D. Cal. 2017) (Koh, J.) (quoting *Indep. Towers of Washington*, 350 F.3d 925, 929 (9th

17

Cir. 2003)). The new allegations in the TAC simply fail to address the deficiencies identified in the April 16, 2018 Order.

Additionally, as to the below-cost sales and loss-leader sales claims, a review of Plaintiffs' instant Opposition reveals that Plaintiffs did not follow the directions in the April 16, 2018 Order that any amendment "must plead the cost of the product at issue" as well as "the defendant's sales prices." *See* ECF No. 53 at 20; *see also Fisherman's Wharf Bay Cruise Corp. v. Superior Court of San Francisco*, 114 Cal. App. 4th 309, 322 (2003) ("To satisfy the requirements of section 17043, a plaintiff must allege, in other than conclusionary terms, the defendant's sales price, [and] costs in the product.").

As for the unlawful threats and intimidation claim, Plaintiffs are more specific in their allegations in that they point to paragraph 67 of the TAC where Plaintiffs allege that a "current business owner" and accountholder "who complained he was billed for a product he did not order, and was told to 'f***king buy the product (Roederer champagne, which he did not want) or we're going to have a problem." Opp'n at 14 (citing TAC ¶ 67). But as Defendants explain, this single allegation fails to assert that the statement was directed at one of the named Plaintiffs. Plaintiffs additionally fail to allege that this anonymous business owner ultimately purchased the product, much less that the anonymous business owner purchased the product below cost, or received a secret rebate as a result to allege that the purported statement was made to "effectuate" violations of sections 17043, 17044, or 17045.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss the third, fourth, fifth, and sixth claims. The Court previously identified defects with the Plaintiffs UPA claims, *see* ECF No. 53 at 15–20, and warned that a failure "to cure the deficiencies identified in [the April 16, 2018 Order] or in any of Defendants' three motions to dismiss," would result in the claims being "dismissed with prejudice," *id.* at 27. Despite this warning, Plaintiffs failed to cure deficiencies in their UPA claims. Therefore, the Court finds that further leave to amend would be futile. *See Leadsinger, Inc.*, 512 F.3d at 532. Additionally, it would be unduly prejudicial to Defendants to allow Plaintiffs to file a fifth complaint and require Defendants to file a fifth motion to dismiss

18

after the April 16, 2018 Order's warning regarding failure to cure deficiencies. *Id.* The Court therefore grants the Motion to Dismiss the UPA claims with prejudice.

### C. Eighth Claim for Unfair Business Practices

Plaintiffs' eighth claim is for unfair business practices in violation of California's Unfair Competition Law (UCL"), Cal. Bus. & Prof. Code § 17200, *et seq. See* TAC ¶¶ 140–146. The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Each "prong" of the UCL provides a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Plaintiffs title their eighth claim "unfair business practices," which suggests that Plaintiffs do not assert claims under the unlawful or fraudulent prongs of the UCL. However, paragraphs 142 and 143 of the TAC reference allegedly unlawful and fraudulent business practices. As such, the Court construes Plaintiffs' TAC as invoking all three prongs of the UCL.

The unlawful prong of the UCL prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Commc'ns Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (quotation marks and citations omitted). "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). In determining whether a practice is unfair, California courts examine the practice's impact on its alleged victim and balance that impact against the reasons, justifications, and motives of the alleged wrongdoer. *Id.* To state a claim under the fraudulent prong of the UCL, plaintiffs must prove "actual reliance on the allegedly deceptive or misleading statements," *Kwikset Corp v. Superior Court*, 51 Cal. 4th 312, 326 (2011), and that "the misrepresentation was an immediate cause of the injury-producing conduct," *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009). In addition, to have statutory standing under any prong of the UCL, a plaintiff must demonstrate that it "suffered injury in fact and [ ] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

In the April 16, 2018 Order, the Court previously found three deficiencies in Plaintiffs' UCL claim. *See* ECF No. 53 at 24. The Court first dismissed Plaintiffs' UCL claim to the extent that it was derivative of the other claims in the SAC that the Court also dismissed. *See id.* Second, the Court held that to the extent Plaintiffs' UCL claim is premised on allegations not derivative of other dismissed claims, Plaintiffs still failed to plead sufficient factual support to satisfy Rule 8(a) and *Iqbal*. *Id.* Finally, the Court found that "Plaintiffs have not adequately established statutory standing because Plaintiffs have not sufficiently alleged that they suffered economic harm due to the alleged unfair, unlawful, or fraudulent business practices." *Id.* In particular, the Court noted that Plaintiff Arena alleged that it was "assessed thousands of dollars in taxes for liquor supposedly purchased but not actually purchased, from Southern Glazer," *id.* (quoting SAC ¶ 25), but that "Arena [did] not allege that it actually paid more taxes than it owed." *See id.* Additionally, "Plaintiff Vine and Barrel allege[d] that it received 'falsified sales invoices' from Southern Glazer," *id.* (quoting SAC ¶ 25), however Vine and Barrel did not "allege that these 'falsified sales invoices' caused Vine and Barrel economic harm." *Id.* The Court granted leave to amend to cure these deficiencies. *Id.*

Plaintiff's UCL claim contained in the TAC once again fails. First, as in the April 16, 2018 Order, to the extent that Plaintiffs' UCL claim is derivative of the other claims in the TAC that the Court dismisses in this order, the derivative UCL claim must also be dismissed. *See Avila v. Bank of Am.*, No. 27-cv-222-HSG, 2017 WL 4168534, at *5 (N.D. Cal. Sept. 20, 2017) (dismissing UCL claim to the extent it is derivative of other claim dismissed in the same order). Second, Plaintiffs fail to establish statutory standing because they again fail to allege that they suffered economic harm. Finally, Plaintiffs fail to cure any of the other deficiencies identified in the April 16, 2018 Order. In fact, Plaintiffs just repeat near verbatim the argument contained in their previous Opposition, with no citation or mention of any amendments aimed at addressing the deficiencies identified in the April 16, 2018 Order. *Compare* ECF No. 35 at 19–20, *with* Opp'n at 13. In other words, Plaintiffs do not respond to Defendants' arguments regarding their failure to establish a viable UCL claim.

United States District Court
Northern District of California

Accordingly, this Court GRANTS Defendants' Motion to Dismiss Plaintiffs' UCL claim with prejudice. The Court finds that further leave to amend would be futile and unduly prejudicial to Defendants. *See Leadsinger, Inc.*, 512 F.3d at 532. Plaintiffs were on notice as to the defects of their UCL claim, and the Court warned that failure to cure the defects would result in a dismissal with prejudice. ECF No. 53 at 27. Nevertheless, Plaintiffs failed to cure. Additionally, if the Court allows Plaintiffs to file a fifth complaint, Defendants would be unduly prejudiced by having to brief a motion to dismiss for a fifth time.

**D. Seventh Claim for Breach of Contract**

Plaintiffs assert a breach of contract claim under the same theory raised in the SAC, namely that Defendants promised to keep Plaintiffs' account and financial information confidential but Defendants nevertheless disclosed that information in order to sell liquor to unlicensed third parties. TAC ¶¶ 135, 137. Defendants argue that the claim for breach of contract should be dismissed for failure to sufficiently plead the details of the relevant contract. Mot. at 13–14. Defendants also argue that Plaintiffs have failed to sufficiently allege a breach. Reply at 13. Additionally, Defendants maintain that "Plaintiffs' breach of contract claim in the TAC mirrors the prior iteration, except [P]laintiffs now provide less detail as to the purported contract between the parties by removing" some allegations contained in paragraph 55 of the SAC.[2] Reply at 11–12 (emphasis omitted).

To state a breach of contract claim under California law, a plaintiff must plead "a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *McKell*, 142 Cal. App. 4th at 1489.

In the April 16, 2018 Order, the Court noted that "Plaintiffs' SAC did not recount the

---

[2] Paragraph 55 of the SAC stated:

> Representative Plaintiffs and members of both classes reasonably believed Southern Glazer would keep said identifying information confidential. Indeed, Southern Glazer will not disclose your private information unless it is required to do so by law, to verify your continuing financial stability or in an effort or action to collect your unpaid debt to Southern Glazer.

relevant contract in detail." ECF No. 53 at 25 (citing SAC ¶¶ 55, 57, 137). The Court noted that "[i]nstead, Plaintiffs quoted one term that Defendants allegedly agreed to in writing, but Plaintiffs did not specify in what contract that term was found." *Id.* (citing SAC ¶ 55). Additionally, Plaintiffs had "alleged that unspecified agreements contained a range of 'express and/or implied promises,' but did not specify which promises were express and which were implied, nor did Plaintiffs identify the agreements that allegedly contained these promises." *Id.* (citing SAC ¶ 57). The Court explicitly stated that "Plaintiffs must specify the contracts upon which their breach of contract claim is based in any amended complaint." *Id.*

Additionally, the Court found that Plaintiffs' breach of contract claim in the SAC had to be dismissed for failure to plead sufficient factual support because Plaintiffs did not adequately allege Defendants' breach. *Id.* The Court stated that "Plaintiffs allege[d] that Defendants used their liquor license, Southern Glazer account, and financial information to sell liquor to unlicensed third parties." *Id.* at 25–26 (citing SAC ¶¶ 65(d), 139). "However, Plaintiffs [did] not allege any specific instance of any of these practices occurring, nor [did] Plaintiffs explain their basis for believing that Defendants engaged in these practices or provide any other factual support." *Id.* at 26. The Court granted the Motion to Dismiss the contract claim in the SAC with leave to amend. *Id.*

Despite the Court's direction that "Plaintiffs must specify the contracts upon which their breach of contract claim is based in any amended complaint," Plaintiffs fail to amend their TAC to identify any specific contract. Nor do Plaintiffs elaborate on which promises initially alleged in the SAC were express and which were implied. Plaintiffs also fail to identify the agreement that allegedly contained these promises. *See* TAC ¶ 56. Plaintiffs' TAC also fails to add any amendments alleging specific instances of Defendants using named Plaintiffs' liquor license, Southern Glazer account, or financial information to sell liquor to unlicensed third parties. Furthermore, Plaintiffs' TAC asserts the contract claim with even less detail than the SAC because Plaintiffs remove their SAC paragraph 55 allegations. Indeed, because Plaintiffs failed to make any relevant changes to the TAC, Plaintiffs effectively repeat their prior arguments to oppose the prior motion to dismiss. *Compare* ECF No. 35 at 22–23, *with* Opp'n at 14–15. In short, the SAC

1  contained more breach of contract claim allegations than the TAC.

2       Because Plaintiffs failed to follow the Court's directions and did not amend their complaint

3  to cure the deficiencies identified in the April 16, 2018 Order, the Court GRANTS Defendants'

4  Motion to Dismiss Plaintiffs' breach of contract claim. The Motion to Dismiss this claim is

5  granted with prejudice, as the Court finds that any attempt to plead additional breach of contract

6  allegations would be futile. *See Leadsinger, Inc.*, 512 F.3d at 532. As discussed, the April 16,

7  2018 Order warned that a failure to cure deficiencies would result in a dismissal with prejudice.

8  ECF No. 53 at 27. Additionally, Defendants would be unduly prejudiced by having to continue to

9  re-litigate these deficiencies, of which Plaintiffs have been given ample notice.

10  **IV.    CONCLUSION**

11       For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss all claims

12  contained in the TAC with prejudice.

13  **IT IS SO ORDERED.**

15  Dated: September 10, 2018

16                                          *Lucy H. Koh*
                                          _____
17                                          LUCY H. KOH
                                          United States District Judge

United States District Court
Northern District of California